## SOMIE McCARTER v. STATE.

No. A-2833.   Opinion Filed February 16, 1918.

(170 Pac. 712.)

1. **CONTINUANCE—Conditions Precedent.** Before a defendant applies for a continuance it is his duty to exhaust all, of his legal remedies to obtain the presence of his witnesses, and this must affirmatively appear in the application for a continuance, otherwise the application will be bad on its face.

2. **SAME—Absent Witnesses—Subpoena.** When the witnesses have been subpoenaed and there is no showing why they are absent,

defendant should have an attachment issued for them. And if he does not ask for an attachment he is not entitled to a continuance.

3. **CRIMINAL RESPONSIBILITY—Alcoholic Insanity—Evidence.** Insanity, though superinduced by excessive and long-continued indulgence in alcoholic liquors, and known as "delirium tremens," or "mania a potu," renders a person so afflicted irresponsible for his acts, if it be of such a character as to deprive him of the mental capacity to distinguish between right and wrong, as applied to the particular act, whether he be under the influence of liquor at the time of the commission of the act or not; but, to do so, his affliction must be settled or fixed insanity, not a mere fit of drunkenness. A person, not previously laboring under such a disease or affliction, who voluntarily becomes intoxicated to such an extent and for such a period of time as to cause unconsciousness of his acts, is not irresponsible under the law for the acts done by him while in such mental condition.

Evidence offered by defendant in this case to prove alcoholic insanity examined and held insufficient under the holding of this court in Cheadle v. State, 11 Okla. Cr. 566, 149 Pac. 919, L. R. A. 1915E, 1031.

4. **APPEAL AND ERROR—Testimony of Absent Witness—Presumption.** Where a witness is not produced and sworn in court, and no sort of effort is made to develop his testimony, this court will not surmise as to what he would or would not have testified had he been produced.

5. **APPEAL AND ERROR—Reversal—Instructions.** Where no objection is made or exception taken to any of the instructions given by the trial court, and no request is made by counsel for the defendant that additional instructions be given, and the instructions as a whole are as favorable to the defendant as the facts would warrant, this court will not reverse a judgment of conviction because the trial court could have more fully instructed upon certain abstract propositions of law involved in the defense interposed.

*Appeal from District Court, Pontotoc County;*
*George C. Crump, Assigned Judge.*

Somie McCarter was convicted of assault with intent to kill, and sentenced to serve a term of five years in the penitentiary, and he appeals. Judgment affirmed.

*J. W. Dean, George W. Burris,* and *Crawford & Bolen,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. It is first contended that the trial court erred in overruling motion of defendant for continuance on account of absent witnesses. The witnesses were Mr. and Mrs. E. J. Neal, both residents of Tuttle, Grady county, Okla., at the time the case was called for trial. A subpoena for out of the county witnesses, regularly indorsed by the district judge, had been served upon these witnesses prior to the trial, and the proper return of service had been made thereon. The application was to continue the cause until another term of court. The application was properly denied. In the case of *Rose v. State,* 8 Okla. Cr. 294, 127 Pac. 873, it was held:

"Before a defendant applies for a continuance it is his duty to exhaust all of his legal remedies to obtain the presence of his witnesses, and this must affirmatively appear in the application for a continuance, otherwise the application will be bad on its face."

It is apparent that the defendant could, as a matter of right, have had an attachment issued for these witnesses. He should have exhausted that remedy and asked the court to grant a temporary continuance until the attachment could have been served. A failure to exhaust such remedy indicates clearly that the continuance was desired more than the presence of the witnesses. In the case of *Lee v. State,* 7 Okla. Cr. 144, 122 Pac. 1111, it was held:

"When the witnesses have been subpoenaed and there is no showing why they are absent, defendant should have an attachment issued for them. And if he does not ask for an attachment, he is not entitled to a continuance."

We conclude, therefore, that this first assignment of error is without merit.

It is next contended that the court erred in excluding proffered evidence which tended to establish the defense of "alcoholic insanity." The record upon this proposition is as follows:

"Q. How long you known Somie McCarter? A. I have known Somie ever since 1898. Q. You known him ever since you lived out in that community, haven't you? A. Yes, sir. Q. During that time has he been a man addicted to strong drink or otherwise? By Mr. Bullock: Objected to as incompetent, irrelevant and immaterial. By the Court: Sustained. By Mr. Dean: Exception. By the Court: Let the record show that the court holds that the defendant cannot introduce the plea for crime that he voluntarily got drunk. You may prove that some one drugged him, or he took the whisky through mistake, or something like that; but if that was a defense I would get drunk and kill all my enemies. Voluntary intoxication is no defense. By Mr. Dean: Defendant excepts. By Mr. Dean: The defendant offers to prove by the witness that prior to the shooting the defendant was drunk a day and a night, and also by this witness that he has been a constant user of alcohol, and also offer to prove by a witness named Dr. S. P. Ross, that a constant user of intoxicants—liquors—and hard drinker, will disease the mind to such an extent that when a person is intoxicated he is temporarily insane. By the Court: You mean to state to the court that he is a constant drinker; that you can prove that; or he just gets on periodical sprees. By Mr. Dean: I don't know whether he is a constant drinker. By the Court: How often can you prove he has been drunk in the past year? By Mr. Dean: I don't know. I can prove he was drunk over a dozen times in the last year. By the Court: That the extent of his drinking. By Mr. Dean: No, sir. By the Court: Is it your contention he is only crazy when he is drunk? By Mr. Dean:

Yes, sir. By the Court: That testimony will be denied. (The above conversation between the court and the counsel for the defendant, and the offer to prove certain things shown by the page just before this, were all had out of the hearing of the jury. The stenographer and lawyers being called up to the judge's bench.)"

In *Cheadle v. State,* 11 Okla. Cr. 566, 149 Pac. 919, L. R. A. 1915E, 1031, it was held:

"Insanity, though superinduced by excessive and long-continued indulgence in alcoholic liquors and known as *'delirium tremens,'* or *'mania a potu,* renders a person so afflicted irresponsible for his acts, if it be of such a character as to deprive him of the mental capacity to distinguish between right and wrong, as applied to the particular act, whether he be under the influence of liquor at the time of the commission of the act or not; but, to do so, his affliction must be settled or fixed insanity, not a mere fit of drunkenness. A person, not previously laboring under such a disease or affliction, who voluntarily becomes intoxicated to such an extent and for such a period of time as to cause unconsciousness of his acts, is not irresponsible under the law for the acts done by him while in such mental condition."

A careful reading of what was held by this court in the Cheadle Case compared with what was offered to be proven in this case clearly indicates that the evidence offered does not measure up to the requirements of proof necessary to establish alcoholic insanity. It may also be noted that the offered evidence did not tend to establish the mental condition of the defendant at the time it is claimed this crime was committed, but only that he was drunk at said time. Dr. S. P. Ross was never placed upon the witness stand, and no offer to prove anything by him

was made. The offer as to such witness clearly comes within the rule stated in *Williams v. State,* 13 Okla. Cr. 189, 163 Pac. 279, as follows:

"Where a witness is not produced and sworn in court and no sort of effort is made to develop his testimony, this court will not surmise as to what he would or would not have testified had he been produced."

Certain instructions of the court are also complained of, but we have examined the record and find that no objection was made, nor exception taken, to any of the instructions given, nor were any other instructions requested by counsel for defendant so far as appears from this record. The defendant testified that he did not remember anything about this shooting; that he was drunk at the time of the shooting. The court instructed that voluntary intoxication was no excuse or defense to the crime. The court also instructed that it was necessary for the state to prove beyond a reasonable doubt the intent on the part of the defendant to commit the crime charged in the information. We think the instructions, considered as a whole, were as favorable to the defendant as his testimony would warrant.

The testimony on the part of the prosecution, which is practically uncontradicted, is to the effect that the defendant, without any provocation, fired 12 or 15 shots from a Winchester rifle at the prosecuting witness at a time when said witness was fleeing from defendant's assault. It appears that the prosecuting witness was running down the road, and when the bullets were passing so close to him as to make his position precarious, as well as uncomfortable, he would lie down in the grass at the side of the road. Thereupon the defendant would stop

shooting until prosecuting witness would start running again, when defendant would again commence firing, and he continued same until this prosecuting witness was entirely out of sight.

It would be a travesty upon justice to absolve this defendant from all blame just because he was intoxicated at the time of the shooting. Under such circumstances, he was not irresponsible for his acts, as was heretofore held in *Cheadle v. State, supra.*

The judgment is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.