## FENDER POLK v. STATE.

No. A-2676.   Opinion Filed December 14, 1918.

(176 Pac. 538.)

1.   **INDICTMENT AND INFORMATION—Verdict—Assault with Dangerous Weapon—Included Offense.** Section 2336, Rev. Laws 1910, contains two provisions. Under the first provision of said section, to sustain a conviction, it must be shown that the defendant shot, shot at, or attempted to shoot another, with intent to kill; while, to sustain a conviction under the second provision of said section 2336, it must be shown the defendant committed an assault and battery by means of a deadly weapon, or by such other means or force as is likely to produce death; and a verdict of guilty of an assault with a dangerous weapon is not responsive to any issue involved in an information based upon said section 2336, Rev. Laws 1910.

2.   **ASSAULT AND BATTERY—Conviction of Assault with a Dangerous Weapon—Construction of Verdict—Sentence.** A verdict finding a defendant guilty of an assault with a dangerous weapon

is, in law, a finding that the defendant is guilty of an assault, and under such verdict the trial court is without jurisdiction to sentence the defendant to hard labor in the penitentiary.

3. . TRIAL—Verdict—Responsiveness—Motion in Arrest of. Judgment. Where the jury returns a verdict upon an issue not submitted to them, or makes a finding that the defendant is guilty of an offense not charged or included in the information in the case, the court, on timely motion, should arrest judgment on such verdict.

*Appeal from District Court, Grady County;
Will Linn, Judge.*

Fender Polk was convicted of assault with a dangerous weapon, his motion for new trial was overruled, and he appeals. Reversed and remanded.

*Holding & Herr,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Fender Polk, hereinafter styled defendant, was informed against for willfully, unlawfully, and feloniously assaulting Hodge Bailey with intent to kill him, convicted of "assault with a dangerous weapon," and sentenced "to be confined, at hard labor, in the state penitentiary at McAlester, Okla., for a period of one year and one day and to pay the costs of this prosecution." Defendant's motion for a new trial having been overruled, he appeals to this court.

The information, omitting caption and signature, is as follows:

"Now comes John H. Venable, the duly qualified and acting county attorney, in and for Grady county, state of Oklahoma, and gives the district court of Grady county, state of Oklahoma, to know and be informed that Fender Polk, did, in Grady county and in the state of Oklahoma, on or about the 17th day of June, in the year of our Lord one thousand nine hundred fifteen, and anterior to the pre-

sentment hereof, commit the crime of assault with intent
to kill in the manner and form as follows, to wit:    That on
said day and date, and in the said county and state, the
said Fender Polk, then and there being, did then and there
willfully, unlawfully, and feloniously make an assault upon
and against and shoot at one Hodge Bailey, with a certain
pistol then and there loaded with leaden bullets and gun-
powder, then and there held in the hands of him, the said
Fender Polk, to kill and murder him, the said Hodge
Bailey, said pistol then and there being a deadly weapon,
contrary to the form of the statute in such case made and
provided and against the peace and dignity of the state of
Oklahoma."

The evidence was in irreconcilable conflict; but there
was sufficient evidence in the case to show, if believed by
the jury, that the defendant shot at Hodge Bailey with a
pistol, at the time and place alleged in the said informa-
tion.

The jury returned a verdict, which, omitting its cap-
tion and signature of its foreman, is as follows:

"We, the jury drawn, impaneled and sworn in the
above-entitled cause, do upon our oaths find the defendant,
Fender Polk, guilty of an assault with a dangerous weapon
and submit his punishment to the court."

After the verdict had been returned by the jury, and
received and entered by the court, against the objection
and exception of the defendant, the defendant made a
motion in arrest of judgment, which motion, omitting cap-
tion and signature, is as follows:

"Comes now the above-named defendant and moves
the court to arrest judgment in the above cause, for the
reason that the verdict is not responsive to the issues, and
is too indefinite and uncertain to authorize the court to
pronounce judgment on the same."

—which motion the court overruled, and the defendant excepted.

There are numerous errors assigned, but we do not think it necessary to consider any other of said errors assigned than the action of the court in overruling said motion in arrest of judgment.

Section 5923, Rev. Laws 1910, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

It therefore appears in the instant case that the controlling question to be answered is: "Is an assault with a dangerous weapon necessarily included in the information filed in this cause?"

In *Cochran v. State*, 4 Okla. Cr. 379, 111 Pac. 974, it is said:

"That the jury has no power to convict a defendant of any offense, unless it is necessarily included in the offense with which he is charged in the information or indictment, or of an attempt to commit such offense."

The information in this case is undoubtedly for a violation of the first provision of section 2336. Section 2336 contains two provisions. The first provision is violated by one who "intentionally and wrongfully shoots, shoots at, or attempts to shoot at another with any kind of firearm, air gun or other means whatever with intent to kill any person." The second provision of said section 2336 is violated by one who commits "any assault and battery upon another by means of any deadly weapon, or such other means or force as is likely to produce death, or in resisting the execution of any legal process."

Under the first provision of said section 2336, there must be a shooting, a shooting at, or the attempt to do so, with the intent to kill; while under the second provision of said section 2336 there must be an assault and battery upon another by such means or force as is likely to produce death. See *Love v. State,* 12 Okla. Cr. 1, 150 Pac. 913.

It therefore clearly appears that the question heretofore propounded must be answered: That an assault with a dangerous weapon is not necessarily included in the information in this case, and the verdict is not responsive to the information, and the court committed prejudicial error in receiving it over the objections of the defendant.

Again, if it be admitted, which we do not hold, that the information in this case is framed under section 2344, Rev. Laws, the verdict is not responsive to said section, because it omits to find that the acts charged were done with the intent to do bodily harm and without justifiable or excusable cause, and the finding of the jury that the defendant is guilty of "an assault with a dangerous weapon" is, in law, finding the defendant guilty of an assault, a misdemeanor, an issue not submitted to the jury by the instruction of the court, and the verdict is not responsive to the issues involved in this case.

The verdict of the jury being not only indefinite, but also not responsive to the information charged, and the finding of an issue not submitted to them, the court committed prejudicial error in not sustaining the motion of the defendant in arrest of judgment on the verdict rendered.

For the errors pointed out, the case is reversed and remanded.

DOYLE, P. J., and MATSON, J., concur.