## VINCE FEASTER v. STATE.

No. A-2911.    Opinion Filed January 11, 1919.

(177 Pac. 124.)

1.  **ASSAULT AND BATTERY—Construction of Verdict—Sentence—Jurisdiction.** A verdict finding the defendant "guilty of assault with intent to do bodily harm" is in law only a finding of an assault, and did not give the trial court jurisdiction to sentence the defendant to serve a term in the penitentiary.

2.  **JUDGMENT AND SENTENCE—Verdict.** All judgments and sentences must follow and be based upon the verdict of the jury.

*Appeal from District Court, Caddo County;*
*Will Linn, Judge.*

Vince Feaster was convicted of an assault with intent to do bodily harm, and appeals.    Modified and affirmed.

*W. W. Vaughan* and *Bristow & McFayden,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.    Plaintiff in error, Vince Feaster, hereinafter styled "defendant," was, by information, charged with the offense of assault with a dangerous weapon, convicted of an assault, and sentenced to imprisonment in the penitentiary for a term of two years, and, to reverse the judgment rendered, brings this appeal.

From the view we take, we deem it unnecessary to set out the information or the evidence in the case, as we think that the information is sufficient, and the evidence, though in part in conflict, was also sufficient to support the jury in finding the defendant guilty of an assault.

There are several errors assigned, but we are of the opinion that the same are not prejudicial to the defendant,

except as to the error committed by the court in imposing sentence.

The prosecution in this case is under Rev. Laws 1910, sec. 2336, which contains two provisions. The first provision is violated by one who intentionally and wrongfully shoots, shoots at, or attempts to shoot at, another with any kind of firearms, air gun, or other means whatever, with the intent to kill any person. The second provision of said section is violated by one who commits any assault and battery upon another by means of any deadly weapon, or such other means or force as is likely to produce death, or in resisting the execution of any legal process.

To sustain a conviction under the first provision of said section there must be a shooting, a shooting at, or an attempt to do so, with the intent to kill; while under the second division of said section there must be an assault and battery upon another by such means or force as is likely to produce death. See *Love v. State,* 12 Okla. Cr. 1, 150 Pac. 913.

The jury returned the following verdict:

"Find the defendant, Vince Feaster, guilty of assault with intent to do bodily harm and submit his punishment to the court."

Section 2336 includes an assault, and this question was submitted to the jury by a proper instruction. Section 5923, Rev. Laws.

The distinction between this case and the case of *Fender Polk v. State,* 15 Okla. Cr. 324, 176 Pac. 538, is that the question of assault was not submitted to the jury as was done in this case, and the jury found in the said former case upon an issue not submitted to them. Again, the receipt of the verdict in the former case was

objected to, which was not done in this case. As previously said, the verdict only found the defendant guilty of an assault, and the court should have sentenced the defendant to be confined in jail for not exceeding 30 days, or by a fine of not less than $5 or more than $100, or both. Section 2343, Rev. Laws.

All judgments and sentences of the court must follow and be based upon the verdict of the jury. *Wood v. State,* 4 Okla. Cr. 436, 112 Pac. 11, 45 L. R. A. (N. S.) 673.

It is therefore ordered by this court that the judgment rendered in this case be modified so as to make the judgment rendered conform to the verdict, and that, in lieu of said judgment of two years' imprisonment in the penitentiary, the defendant is hereby sentenced to 30 days' confinement in the county jail of Caddo county, and to pay the costs of this prosecution, and upon a failure to pay the same to be further confined until said costs are satisfied as by law provided.

Judgment as modified affirmed.

DOYLE, P. J., and MATSON, J., concur.