## ARTHUR VINEYARD v. STATE.

No. A-3845.    Opinion Filed Oct. 28, 1922.
(209 Pac. 783.)

(Syllabus.)

1.    Continuance—Ground of Absent Witness—Insufficient Showing.
Where a motion and application for a continuance alleges that a witness material to the defense is temporarily absent from the state, which motion and application and the supporting affidavit

are based solely on hearsay, and it does not appear from either that there is any greater likelihood that such witness could be produced at a later term than the one at which the trial was had, the application was properly overruled.

2. **Same.** For other reasons holding no abuse of discretion in overruling the motion for a continuance in this case, see body of opinion.

3. **Indictment and Information—Conviction of Assault to Do Bodily Harm Proper Under Information Charging Assault With Intent to Kill.** On an information charging assault and battery with intent to kill with a deadly weapon, or such other means or force likely to produce death, as defined by section 2336, Rev. Laws 1910, one may be convicted of assault with intent to do bodily harm with any sharp or dangerous weapon, as defined by section 2344, Rev. Laws 1910. The first paragraph of syllabus in Polk v. State, 15 Okla. Cr. 324, 176 Pac. 538, is expressly disapproved.

Appeal from District Court, Coal County; J. H. Linebaugh, Judge.

Arthur Vineyard was convicted of assault with a dangerous weapon, with intent to do bodily harm, and he appeals. Affirmed.

J. G. Ralls, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, J. Arthur Vineyard, Roy Rose, B. Rose, and Bill Rose were jointly charged by information filed in the district court of Coal county on the 28th day of October, 1919, with intent to kill one Tom Sparks by striking, cutting, stabbing, wounding, and injuring said Tom Sparks with a certain knife. The said offense was alleged to have been committed on or about the 30th day of September, 1919. A severance was granted, and the state elected to try Arthur Vineyard first. The jury found defendant guilty of an assault with a dangerous weapon with intent to do bodily harm, and fixed

his punishment at imprisonment in the penitentiary for a period of two years and six months.

The cutting and wounding of Sparks occurred near the south boundary line of the city of Lehigh at a time when certain officers of the city and county were attempting to arrest these parties for speeding their automobile and for drunkenness. There seems to have been a general attempt on the part of most of the defendants to resist the attempt of the officers to arrest them, and in the melee which followed the cutting occurred.

As is generally the case in such melees, the evidence is somewhat conflicting, but the witnesses for the state testify to a state facts which, if believed, are sufficient to support the conviction. It is not contended that there is a lack of sufficient evidence.

Numerous errors are assigned in the petition in error, and were presented to the trial court in the motion for a new trial. While counsel states in the brief that none of these errors are abandoned, he has failed to support many assignments by the citation of authority or the presentation of argument. Under the rules of this court, all assignments of error not supported by argument or authority must be treated as abandoned. The crowded condition of the court's docket precludes a search of the record for errors and the books of authorities on error assigned but not covered in the brief. We will proceed to consider, therefore, those errors only which are urged in the brief as sufficient grounds for the reversal of this judgment.

The first error assigned is the action of the trial court in overruling the application and motion of defendant for a continuance. This motion was presented on the 5th day of April, 1920, the day the case was set and called for trial. It is

based on the absence of one Hoskins, who is claimed to be a material witness for the defendant. The application states that Hoskins was a resident of Atoka, Okla., and that on the ———day of March, 1920 (the day of the month not being given), defendant caused a subpoena to be issued for such witness in proper form, and that the same was placed in the hands of the sheriff of Atoka county, who learned upon investigation that the said Hoskins had temporarily left Atoka county, and was at that time in Ranger, Tex.

All the information as to said Hoskins having left Atoka county, and being then in Ranger, Tex., as disclosed by the application for a continuance and the affidavit of the sheriff in support thereof, shows clearly that the same is based solely on hearsay. Not a witness was produced in support of the affidavit who knew of his own knowledge that the said Hoskins had left Atoka county only temporarily, that it was his intention to return to said county in the near future, or that he was then located in the city of Ranger, Tex. The application and the supporting affidavit are based solely on information, and it does not appear from either that there is any greater likelihood that the said witness could be produced at a later term of court than at the term at which this cause was tried.

Further, it appears from the record that this information was filed in the trial court on the 28th of October, 1919, nearly six months before the cause was called and set for trial. The witness Hoskins, and all these defendants, were residents of the city of Atoka. With a reasonable amount of diligence it is apparent that they could have kept in closer touch with the witness, and could have been able to either secure his attendance or preserve his testimony, under section 6026 et seq., Revised Laws 1910.

Further, we are convinced from an examination of the entire record that there is no reasonable probability that upon a subsequent trial, with the testimony which it is stated in the motion the witness Hoskins would give, a different result would likely occur, and, unless such probability does appear, this court would not, even had diligence been shown, be authorized to set aside a conviction on this ground alone. Williams v. State, 17 Okla. Cr. 452, 190 Pac. 892.

It is also contended that the trial court erred in overruling the motion in arrest of judgment, it being contended that plaintiff in error was charged in the information with assault with intent to kill by cutting and stabbing the complaining witness, under section 2336, Revised Laws 1910, and that the jury was not authorized to return a verdict for an assault with a dangerous weapon with intent to do bodily harm, as provided in section 2344, Revised Laws 1910.

Counsel cites and relies upon the case of Polk v. State, 15 Okla. Cr. 324, 176 Pac. 538, in support of this contention. While there is some language in the Polk Case which tends to support the contention of counsel, it is apparent from the reading of the entire opinion in that case the judgment in that case was reversed because of the indefiniteness of the verdict and the finding of defendant guilty on an issue not submitted to the jury. The first paragraph of the syllabus in the Polk Case is too broad in statement, in conflict with earlier decisions of this court, and is expressly disapproved.

The information in this case is based upon the second subdivision of section 2336, and charges an assault and battery with intent to kill by cutting, stabbing, wounding, and injuring the prosecuting witness with a knife. That an assault and battery necessarily includes an assault needs the citation of no authority. That an intent to kill would necessarily include an intent to do bodily harm is equally ap-

parent. It follows that, on a charge of assault and battery with intent to kill with a deadly weapon, or other means or force likely to produce death, as defined by section 2336, Revised Laws 1910, one may be convicted of assault with intent to do bodily harm with any sharp or dangerous weapon, as defined by section 2344, Revised Laws 1910. The view here taken is supported by the opinion in the case of Russell v. State, 9 Okla. Cr. 692, 133 Pac. 475, and also by the opinion in Parks v. State, 14 Okla. Cr. 413, 171 Pac. 1129, wherein it was held:

"Where the information charges any grade of assault and battery, there may be a conviction of the same or any lesser grade of assault which is necessarily included in such a charge."

We find no error in the action of the trial court in overruling the motion in arrest of judgment.

For reasons stated, the judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.