### B. H. FORD et al. v. STATE.

No. A-3772.    Opinion Filed Feb. 10, 1923.

(Syllabus.)

1. Continuance—Denial for Absent Witnesses not Abuse of Discretion. For reasons for holding that there was no abuse of discretion on the part of the trial judge in overruling the motion and application for a continuance, see body of opinion.

2. Appeal and Error—Necessity for Prejudicial Error—Improper Admission of Evidence. Before this court is authorized to reverse a judgment of conviction because of the improper admission of

evidence, it is necessary that the court, after a consideration of the entire record, must be of the opinion that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right of the defendant.

3. Same—Harmless Error. Where incompetent evidence is permitted to go before the jury, and such facts are otherwise proved in a competent manner, the error occasioned by the admission of the incompetent evidence becomes harmless.

4. Sufficiency of Evidence. Record reviewed, and held, that the case, under the facts and instructions of the court, was fairly tried and determined upon its merits, and held, further, that the evidence is sufficient to support the conviction as to each defendant.

Appeal from District Court, Grady County; Will Linn, Judge.

B. H. Ford and another were convicted of larceny of live stock, and they appeal. Affirmed.

Holding & Herr, for plaintiffs in error.

George F. Short, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, P. J. The Attorney General filed a motion to dismiss this appeal upon the ground that the case-made and petition in error were not filed in this court within six months after the rendition of the judgment in the lower court. In response to said motion, counsel for plaintiffs in error have made a showing that the date, as it appeared in the original case-made, on which the judgment was rendered in the trial court, was a clerical error; that while the original case-made shows that the judgment was rendered on the 14th of October, 1919, the judgment was in fact rendered on the 14th day of November, 1919. The case-made and petition in error were filed in this court on the 8th day of May, 1920, within six months from the date of the rendition of the judgment, as shown by the verified response of plaintiffs in error to the

motion to dismiss the appeal. The Attorney General has stipulated, with counsel for plaintiffs in error, that the case-made should be corrected to show that the judgment was rendered on the 14th day of November, 1919. The motion to dismiss the appeal is therefore overruled.

On the 27th day of September, 1918, the county attorney of Grady county filed in the district court of that county an information charging these plaintiffs in error with the crime of larceny of a domestic animal, the charging part of which information is as follows:

"That the said B. H. Ford and Bob Cornett did within Grady county, state of Oklahoma, on or about the 12th day of September, 1918, then and there willfully, unlawfully, and feloniously, by fraud and stealth, take, steal, and carry away a certain cow, to wit, a yearling, being the personal property of one S. D. Johnson, without the knowledge or consent of the said S. D. Johnson, and with the willful, unlawful, felonious, and fraudulent intent on the part of the said B. H. Ford and Bob Cornett to appropriate the same to their own use and benefit, and to deprive the true owner thereof, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state."

On the 7th day of October, 1918, defendants waived formal arraignment, and were given 24 hours in which to plead to the information. On the 8th day of October, 1918, defendants filed a demurrer to the information on the ground that the information failed to charge the defendants with the violation of any criminal laws of the state. On the 25th of November, 1918, the demurrer to the information was overruled, and defendants were given 24 hours from that date in which to plead to the information. No further action appears to have been taken until the 13th day of October, 1919, when the defendants filed an affidavit for continuance based upon the absence of the following named witnesses: Harry Mashore

and Jim Parker, both residents of Anadarko, Caddo county, Okla.; Roy Atchler, of Stephens county, Okla.; George Hensley, a resident of Caddo county, Okla.; Edward F. Johns, a resident of Chickasha, Okla.; Tom Bowles, a resident of Grady county, Okla.

The affidavit alleges that subpoenas were issued and placed in the hands of the sheriff of the proper county for service, with the request that the same be served, and that copies of said subpoenas were attached and made a part of the application. That witnesses Mashore and Parker, if present, would have testified that they were at the home of the defendant Cornett when he was killing a cow alleged to have belonged to the prosecuting witness Johnson; that said animal was not the animal of said Johnson, and that the beef distributed by said defendant Cornett was the beef from said animal, and not the beef from the animal of said Johnson, and that the hide sold by the defendant Cornett was the hide from the animal, and not from the animal belonging to prosecuting witness Johnson; that witness Roy Atchler would testify, if present, that he was employed by defendant Ford at the time of the alleged theft, and that the defendant Ford was at home during all the day and night the animal was alleged to have been stolen, and had not left his home during said night; that the witness Bowles, if present, would testify that he held possession of the house and lands on which the meat was found, which meat was claimed to be a part of the meat stolen, and that the house with said meat was not under the control of defendant Ford, nor did defendant have access to the same. Further, it is alleged that affiants believed said state of facts to be true, and said witnesses resided at the places stated, and that the sheriff returned the subpoenas not found; that if the case is continued until next term of court defendants will have said witnesses present to testify that said

facts cannot be proved by any other witness or witnesses; that the application is made in good faith and not for delay.

Attached to the affidavit and application as exhibits are the returns of the sheriff of Stephens county that the witness Roy Atchler was not found in his county. This subpoena appears to have been issued on the 19th day of September, 1919, for the appearance of the witness in the district court of Grady county on the 7th day of October, 1919, at 8:30 a. m., and the subpoena and return thereon were filed by the court clerk of Grady county on the 3d day of October, 1919; the return of J. R. Cox, sheriff of Caddo county, to a similarly dated subpoena, that Harry Mashore and Jim Parker were not found in his county. This return was also filed on the 3d day of October, 1919, by the court clerk of Grady county.

The motion and application for continuance were overruled, and the action of the court in overruling the same was excepted to.

The continuances were properly denied. First. There is no showing of any facts constituting diligence on the part of the defendants to keep in touch with these witnesses and their whereabouts. The affidavit shows on its face that the witnesses desired were intimate friends and acquaintances of these defendants; that this cause was not tried until over a year after the information was filed in the district court of Grady county; that although the record shows that in January, 1919, a subpoena was issued by the defendants for other witnesses residing in Grady county, Okla., evidently at a prior term of court when this case was set for trial, no effort was made to procure the attendance of these witnesses for whom a continuance was asked, but defendants waited a full year after this charge was lodged against them before they requested a subpoena for any of these witnesses, who were not residents of Grady county. Such action certainly displays an

entire lack of diligence and good faith if the witnesses were really desired at the trial. Further, it appears that the returns of the sheriff to the subpoenas for the witnesses Mashore, Parker, and Atchler were filed in the district court of Grady County 10 days before the case was finally called for trial. A period of 10 full days, therefore, elapsed during which these defendants knew, or could by reasonable diligence have known, that the last above-named witnesses could not be found in the respective counties to which subpoenas had been issued. There is no showing in the affidavit that any effort was made during these 10 days to find the whereabouts of such witnesses, nor is there any showing that there would be any greater likelihood of obtaining the attendance of these witnesses at the next term of court. It is apparent from this record, therefore, that no good-faith effort was made to procure the attendance of these witnesses at the trial. Second. It does not appear from the face of the motion and application that the evidence was material. Third. It does not appear there is any greater likelihood of obtaining the attendance of these absent witnesses should the cause have been continued to a later term of court. Fourth. An examination of the record shows that the evidence desired was cumulative. For all of which reasons it is held that there was no abuse of discretion on the part of the trial judge in overruling the motion and application for a continuance.

After the county attorney had made the opening statement of the case counsel for the defendants again moved that the court continue the case, for the reason that the date alleged in the information charged the crime to have been committed on the 12th day of September, and the county attorney stated the crime to have been committed on the 10th day of September, 1918; that defendants had no notice that they were charged of having committed the offense on any other date than that alleged in the information; that they had pre-

pared their defense for that date, and were taken by surprise by the statement of the county attorney to the effect that the state expected to prove that the crime was committed on the 10th day of September instead of the 12th.

This supplemental motion is wholly without merit. This is a prosecution for a felony by information, in which the defendants were entitled to a preliminary examination into the question of their guilt, if they did not waive such an examination. It was in their power, therefore, to elicit at such preliminary examination the information as to the exact date the state expected to rely upon for a conviction. Time is not one of the essential elements of the offense of larceny. The state was not bound by the date alleged in the information, but could have proved the offense to have been committed on any date within three years immediately preceding the date of the commencement of the prosecution. It is apparent, therefore, that the defendants could not have been prejudicially surprised by the opening statement of the county attorney that he intended to prove the commission of the crime on a date 2 days prior to that alleged in the information. Little v. State, 21 Okla. Cr. 1, 204 Pac. 305.

It is next contended that the trial court erred to the prejudice of the defendants in permitting certain witnesses to give incompetent testimony.

The witnesses Wamsley, Welker, Degenderfer, Schwartz-fischer, and Green each testified that they had examined the head of the heifer stolen from the prosecuting witness Johnson on the night of September 10, 1918, after it was found at the place where it had evidently been butchered on the public highway close to the pasture where Johnson was keeping his cattle, and had also examined a certain red cow hide which the witness Ayres, a purchaser of hides living at Anadarko, Okla., testified that he had bought from the defendant Bob Cornett

on the 12th day of September, 1918, and that, after making an examination and detailing the peculiar notches in the hide and the peculiar condition in which the animal had been skinned and certain other peculiarities both of the hide and of the head, testified that they had compared the hide and head and fitted one to the other, and that they fitted exactly, and, over objection by defendants' counsel, certain of these witnesses were permitted to state that in their opinion the hide sold by Cornett to Ayres belonged to the animal whose head was found in the public highway close to Johnson's pasture on the 11th day of September, 1918.

Section 2822, Compiled Statutes 1921, in part provides that no judgment of conviction shall be reversed, among other grounds, because of the admission of incompetent or irrelevant evidence, unless after a consideration of the entire record the court is of the opinion that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right of the defendant.

While the prevailing weight of authority is to the effect that the court should not have permitted these witnesses to express their opinion on this subject, no impartial reader of the transcript of the evidence in this case can reach any other conclusion than that of the guilt of these defendants. The opinions expressed by the witnesses followed lengthy details of the facts of similarity between the hide and head and comparisons of the two to such an extent that the opinions themselves were negligible as evidentiary factors. The facts detailed necessarily implied the opinion which followed. After listening to the details of the comparison and descriptions given by these witnesses as to the head and hide, no sane man could reach any other conclusion, independent of the opinion of the witnesses, than that the hide and head both belonged

to the same animal. In the case of Byers v. State, 1 Okla. Cr. 677, 100 Pac. 261, 103 Pac. 532, the admission of evidence of this character was held not necessarily to be reversible error.

There appears to be in this case an additional reason why the admission of this evidence should not be held to be reversible. Both the prosecuting witness S. D. Johnson, who was the owner of the animal, and Mr. Welker, testified that they were well acquainted with the animal long prior to the time of its theft and butchering; that they saw both the hide and the head after the animal was stolen and butchered, and that the hide and head belonged to the same animal, and that such animal before being butchered was the property of Johnson. These two witnesses were not testifying to opinions or conclusions based upon comparison of the hide and head, but were testifying to facts from personal knowledge. It is apparent, therefore, that in this case the evidence here complained of got before the jury by other witnesses in a competent manner and without objection by defendants' counsel.

It is almost universally held that, where incompetent evidence is permitted to go before the jury, if such facts are otherwise proved in a competent manner, the error occasioned by the admission of the incompetent evidence becomes harmless. Vaughan v. State, 58 Ark. 353, 374, 24 S. W. 885; Doll v. People, 145 Ill. 253, 34 N. E. 413; McLaughlin v. People, 17 Ill. App. 306; Siebert v. People, 143 Ill. 571, 32 N. E. 431; Bloom v. State, 155 Ind. 292, 58 N. E. 81; Sanderson v. State, 169 Ind. 301, 82 N. E. 525; Com. v. Brown, 90 Va. 671, 19 S. E. 447. See, also, Addington v. State, 8 Okla. Cr. 703, 130 Pac. 311.

Great stress is placed on this assignment of error in the able brief filed in behalf of these defendants, and numerous cases are cited to the effect that the admission of such evidence

was erroneous, but it must be borne in mind that in this jurisdiction it is not error alone that authorizes this court to reverse judgments of conviction, but error plus injury, and in determining whether injury has probably resulted from the error complained of, this court will closely examine the record to determine the probable guilt of the defendants. Fowler v. State, 8 Okla. Cr. 130, 126 Pac. 831; Fulkerson v. State, 17 Okla. Cr. 103, 189 Pac. 1092.

It is also contended that the county attorney was guilty of prejudicial misconduct in certain statements made by him in the closing argument to the jury. We have examined the record bearing upon this assignment of error, and are convinced that the argument complained of, considered in connection with the testimony of the defendant Cornett, and in connection with the admonitions of the trial judge made at the time the objection was lodged to the argument complained of, was not misleading or such as to constitute reversible error.

This case, from our view, under the facts and instructions of the court, was fairly tried and determined upon its merits. While the evidence against the defendants is altogether circumstantial, the links in the chain of circumstances are so dovetailed together as to form an impregnable bulwark of facts from which there is no escape consistent with the hypothesis that either of these defendants is innocent.

The judgment of conviction as to each defendant is therefore affirmed.

DOYLE and BESSEY, JJ., concur.