FRANK JAMES v. STATE.

No. A-6905. Opinion Filed April 12, 1930.
Rehearing Denied April 26, 1930.
(286 Pac. 912.)

Claud Briggs, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Frank James, hereinafter called defendant, was convicted in the district court of Latimer county of the crime of assault with a dangerous weapon, as charged in the information, and his punishment assessed at imprisonment in the state penitentiary for 2½ years.

The evidence of the state shows: That this defendant and one Butch Kelton had a fight at a dance and that the defendant left the place where the dance was being held and went to his home about three-fourths of a mile east; that this trouble occurred about midnight; that Butch Kelton had been cut several times by the defendant in the trouble that occurred at the dance; when the dance broke up Kelton left, going toward his home; after the defendant went to his home he got his father and his brother, Jesse James, and together they started back to the place where the dance had been held; that the father was armed with a shotgun and the defendant and his brother were armed with heavy clubs; that on the way back toward the place where the dance had been held this defendant and the codefendants, Mac James and Jesse James, met Butch Kelton and certain other parties who were returning home from the dance.   Kelton was riding a horse and when defendant and his codefendants reached the point where Kelton and these people were, Mac James said, "There's the son-of-a-bitch now," and drew the shotgun on Kelton;

that Kelton thereupon jumped from his horse and Jesse James struck him over the head with the club and knocked him down and this defendant, Frank James, thereafter struck him several times on the head with a club and this was the particular assault of which defendant was convicted.

The evidence of the defendant was that when he returned home and told his father and brother about the trouble, that they started to return to the dance for the purpose of getting defendant's hat, Mac James taking the gun and the defendant and Jesse James being unarmed until they met Kelton; that thereupon Kelton jumped off his horse and started toward the Jameses threatening to injure them, and thereupon this defendant picked up a piece of plank, struck Kelton and knocked him down; that as Kelton continued to get up and come toward defendant, that he knocked him down the second and third times and that all he did was done in his own necessary self-defense.

There is a sharp conflict between the evidence of the state and the defendant. The evidence of the state makes out a clear case of aggression on the part of the defendant and his codefendants and a clear case of assault with a dangerous weapon. The jury heard this evidence, they saw the witnesses and observed their manner of testifying and their demeanor while on the witness stand and were in a proper position to judge the credibility of the witness and weigh the evidence. Having found the issues of fact in favor of the state, and the evidence being sufficient to support the verdict of the jury, the cause must be affirmed unless the errors complained of by defendant are sufficient to require a reversal.

The defendant first contends that the trial court erred in overruling the demurrer to the information, the charging part of which reads as follows:

"* * * That Jess James, Frank James and Mac James did, in Latimer County, and in the State of Oklahoma, on or about the 25th day of July, in the year of our Lord One Thousand Nine Hundred and twenty-five and anterior to the presentment thereof, commit the crime of Assault with a dangerous weapon in the manner and form as follows, to-wit: that in the county and state aforesaid on or about the date aforesaid the aforesaid defendants, did, wilfully, wrongfully, unlawfully and feloniously make an assault upon the person of Butch Kelton, with the intent on the part of said defendants to do bodily harm to the said Butch Kelton, with dangerous weapons, to-wit: a shot gun and clubs or pieces of plank said gun being held in the hands of Mac James and the wooden clubs about four feet long and five inches wide and one inch thick being held in the hands of Jess James and Frank James and the said defendants with said dangerous weapons did commit an assault and battery upon the said Butch Kelton without justifiable or excusable cause and did beat and strike the said Butch Kelton inflicting upon the said Butch Kelton painful and serious wounds upon the head of said Butch Kelton inflicting serious injury and did as aforesaid commit the offense of assault with a dangerous weapon in the manner said weapons aforesaid were used by said defendants, with the intent on the part of said defendants to injure said Butch Kelton."

The defendant contends that the facts stated do not constitute an offense under the statute and that the information is indefinite as to the subject-matter and the parties and is vague and uncertain. Defendant further contends that the information is not sufficient to state an offense under section 1764, C. O. S. 1921, which is as follows:

"Any person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun, or other means whatever, with intent to injure

any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

In presenting this assignment of error defendant relies upon the decisions of this court in the cases of Parks v. State, 14 Okla. Cr. 413, 171 Pac. 1129; Polk v. State, 15 Okla. Cr. 324, 176 Pac. 538; Harris v. State, 15 Okla. Cr. 369, 177 Pac. 122. The doctrine announced in the Polk Case, supra, was later disapproved by this court in the case of Vineyard v. State, 22 Okla. Cr. 76, 209 Pac. 783; The Parks and Harris Cases, supra, were clearly distinguished by this court in the case of Cotton v. State, 22 Okla. Cr. 261, 210 Pac. 739. In this case this court passes on questions almost identical with that raised in the case at bar on the question of the sufficiency of the charging part of this information to state an offense under section 1764, supra, and on the further questions of the variance between the allegations of the information and the proof adduced at the trial. Under the rule laid down in Cotton v. State, the allegations of the information in the case at bar are sufficient and there is no merit in the contention that there is any fatal variance between the allegations of the information and the proof.

Defendant next contends that the court erred in its instructions to the jury, arguing that the court should have instructed on the law applicable to the offense defined by section 1756, C. O. S. 1921, to wit: the offense of assault and battery with a dangerous weapon, or with such force likely to produce death. It appears from the information that it was the intention of the pleader to charge that grade of felonious assault defined by section 1764, supra. The proof, the instructions of the court, the verdict of the jury and the judgment of the court were all based on

this statute. No additional or different instructions than those given by the court were ever requested by counsel for defendant, neither was any objection made or exception taken to any particular instruction given, or to the charge of the court as a whole. The instructions given by the court fairly cover the law of the case and were as favorable to the defendant as the evidence warranted.

The defendant next contends that the court erred in overruling his motion for a continuance on account of the absence of a certain alleged material witness. On the day the case was called for trial the defendant dictated into the record a verbal motion for a continuance. This motion in no wise complies with section 584, C. O. S. 1921. The court therefore did not err in overruling such application.

Defendant further complains of alleged prejudicial remarks of the trial judge. The record does not support the contention of the defendant. The trial was hotly contested, but there is nothing in the record to indicate bias or prejudice on the part of the trial judge, or that the defendant was in any wise injured by anything the court might have said during the progress of the trial.

While the evidence is conflicting, it is sufficient to support the verdict of the jury. The errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.