## JIMMIE WALKER v. STATE.

No. A-8436.   Jan. 6, 1933.
Withdrawn, Corrected, Refiled and Rehearing Denied Feb. 17, 1933.
(19 Pac. [2d] 622.)

Pryor & Wallace, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.    Plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county of the crime of manslaughter in the first degree in the killing of Claud Long, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of 15 years.

It is first contended the trial court erred in overruling defendant's motion for a continuance.

The case was originally set for trial on the 4th day of January, 1932. When called for trial, defendant presented his motion for a continuance, and the case was continued for a period of ten days to enable defendant to prepare for trial.

On the 14th day of January, 1932, when the case was again called for trial, defendant filed a supplemental motion for continuance, which disclosed that he had not exercised due diligence in his attempt to procure the attendance of the witness Jack Russell; he had not had subpoena issued, and had not attempted to take the deposition of the absent witness.

Under the authority of Rose v. State, 8 Okla. Cr. 294, 127 Pac. 873; McCarter v. State, 14 Okla. Cr. 305, 170 Pac. 712; Hill v. State, 19 Okla. Cr. 406, 200 Pac. 253; Vineyard v. State, 22 Okla. Cr. 76, 209 Pac. 783, and Queen v. State, 23 Okla. Cr. 146, 212 Pac. 1021, the court did not err in denying the application for continuance.

It is next contended the court erred in overruling defendant's motion to quash the panel.

It appears from the record that a jury had been out in the trial of another case and had not been able to agree; that part of the regular panel were sitting in the trial of the case presided over by Judge Johnson. When the jury reported its inability to agree, Judge Crump made a statement in which he discussed the number of homicides committed in Seminole county within the year, and stated that he was going to recommend to Senator Nichols that he see that a law be passed making it a felony to carry a gun.

Immediately thereafter, defendant's case was called, and his counsel moved to quash the panel because of the remarks of the presiding judge.

The remarks of the judge were not grounds for a challenge to the panel. Pate v. State, 15 Okla. Cr. 90, 175 Pac. 122; Hayes v. State, 41 Okla. Cr. 302, 274 Pac. 41; Coatney v. State, 52 Okla. Cr. 70, 2 Pac. (2d) 604.

It further appears from the record the court announced that if any prospective juror called into the box had heard his remarks, he would be excused. When the examination of the jury was completed and the state had exercised all its peremptory challenges and the defendant still had one challenge left, he declined to use it; the court then requested defendant's counsel to examine the jurors as to whether they had heard his statement, and offered to grant additional peremptory challenges. Defendant's counsel declined to examine the jurors further or to use his other peremptory challenge, contenting himself with standing on his motion to quash the panel.

It was not error for the court to overrule this motion.

It is next contended that the court erred in admitting incompetent evidence.

The state asked Mrs. Long, widow of deceased, about a visit defendant made to their home in the nighttime some months prior to the homicide, and the witness was permitted to say that defendant opened the door and walked into the house at about three o'clock in the morning, in an intoxicated condition; that defendant had frequently visited their place, but never after came back. There is nothing in the evidence of Mrs. Long showing any hatred of defendant towards the deceased, or any threats or violence or other acts. This was apparently the act of a drunken man without any criminal intent. The court should have excluded this evidence, since there was no connection between that act and the homicide. If the evidence had tended to show malice, ill will, or intent to

injure deceased on the part of defendant, it might have prejudiced; but not so with this proof. It had no such tendency, and is not necessarily reversible error. Manning v. State, 7 Okla. Cr. 367, 368, 123 Pac. 1029; Littleton v. State, 19 Okla. Cr. 461, 200 Pac. 716; Ford v. State, 23 Okla. Cr. 46, 212 Pac. 444.

Under this assignment it is also contended the court erred in admitting certain testimony given by Alex Gosey and R. E. Richardson to the effect that an hour or two before the cutting of deceased by defendant, he was in the public road near where the fatal difficulty occurred; that he was armed with a knife; that he was drinking; and that he at that time attempted to cut a negro with this knife. Effie Miller testified that immediately after the homicide, defendant attempted to cut Jimmie Fixico with the same knife, chasing him some distance from the scene of the homicide.

This evidence was all admissible as tending to show the state of mind of defendant at the time of the killing. Williams v. State, 4 Okla. Cr. 523, 524, 114 Pac. 1114; Hampton v. State, 7 Okla. Cr. 291, 123 Pac. 571, 40 L. R. A. (N. S.) 43; Tallon v. State, 22 Okla. Cr. 89, 210 Pac. 309; Inman v. State, 22 Okla. Cr. 161, 210 Pac. 742.

It is next contended that the court erred in admitting the testimony of Homer Degge as to the dying declaration made by deceased.

This evidence was admissible because a proper predicate had been laid.

It is next contended that the trial court erred in overruling defendant's motion for a directed verdict because of a fatal variance between the allegations of the information and the proof.

The information charged death resulted from certain wounds inflicted on deceased by the defendant with a knife. It is contended the proof showed the cause of death to be pneumonia. After the deceased was cut by defendant, he was rushed to a hospital at Wewoka, where in a short time an operation was performed on him in an effort to save his life; pneumonia developed after this operation, and he died in a couple of days. The record discloses that the injuries sustained at the time of the infliction of the blow were the primary causes of death, and contributed to hasten death. This was sufficient. Terrell v. State, 10 Okla. Cr. 488, 138 Pac. 1039; Pitts v. State, 53 Okla. Cr. 165, 8 Pac. (2d) 78.

Complaint is also made that the court erred in admitting the transcript of the testimony of Jimmie Fixico given at the preliminary examination.

As a predicate for the admission of this transcript, the county attorney introduced two subpoenas issued by the state and returned "not found in the county." This showing was not sufficient, but after the transcript was read and during the progress of the trial, defendant introduced proof to show that Jimmie Fixico had fled and was beyond the jurisdiction of the court, and it would be impossible to procure his presence at the trial. Under the combined showing of the state and defendant, it appears that diligent search had been made by both parties, before the trial, and that the witness could not be found within the jurisdiction of the court.

Complaint is also made of some of the instructions given by the court, and of failure to give instructions requested by defendant.

The instructions given by the court on its own motion as a whole sufficiently cover the law of the case, and are

as favorable to the defendant as the facts in the case and the law warranted.

No fundamental error appearing in the record, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.