ROSS LINDER v. STATE.

No. A-8466.   June 16, 1933.
(23 Pac. [2d] 222.)

Don Cameron, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, Ross Linder, hereinafter called defendant, was convicted in the district court of Muskogee county of the crime of larceny by fraud, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of four years.

This is a companion case to that of Jack Meigs v. State, No. 8476, which has already been affirmed by this

court, petition for rehearing denied on the 18th day of March, 1933, and reported in 54 Okla. Cr. 308, 21 Pac. (2d) at page 49. The questions involved in this appeal are the same as those in the Meigs Case, except that in this case defendant contends the trial court erred in denying his application for a continuance on account of the absence of his codefendant, Meigs.

The application for continuance on its face discloses that Meigs is a codefendant and that his evidence would be merely cumulative of that which would be produced by other witnesses for defendant.

Defendant also introduced what purported to be certificate from a doctor as to the physical condition of the codefendant, Meigs. The state offered evidence to show that Meigs and defendant were in the county attorney's office two days before the time set for trial and tried to arrange for a continuance, but were notified by the county attorney that the case would be called for trial on the day set. No subpoena was issued for Meigs and no effort made by defendant to bring him before the court to testify.

Defendant also applied for a continuance on account of the absence of one Floyd Hathcoat, but it appears from the record that this witness was present and testified for defendant.

Applications for continuance are addressed to the sound discretion of the trial court, and its ruling will not be disturbed by this court unless a manifest abuse of discretion appears. Rhea v. Territory, 3 Okla. Cr. 230, 105 Pac. 314; Hughes v. State, 7 Okla. Cr. 117, 122 Pac. 554; Rose v. State, 8 Okla. Cr. 294, 127 Pac. 873; Reed v. State, 14 Okla. Cr. 651, 174 Pac. 800.

This court has also held that the defendant must exhaust his legal remedies to get the witness or witnesses

for whom he seeks a continuance. Rose v. State, 8 Okla. Cr. 294, 127 Pac. 873; McCarter v. State, 14 Okla. Cr. 305, 170 Pac. 712.

It is not error to refuse a continuance where it appears that the evidence is merely cumulative. Roberts v. State, 36 Okla. Cr. 28, 251 Pac. 612.

Defendant could not compel his codefendant to be a witness in his behalf as long as the case was pending against the codefendant. A codefendant may voluntarily testify in a case, but may not be compelled to do so.

It was not an abuse of discretion, therefore, for the trial court to refuse a continuance because of the absence of the codefendant.

The decision of this court in Meigs v. State, supra, is conclusive as to the other questions raised in this case, as the record in this appeal is practically identical with the record in the Meigs Case.

The errors of law complained of being without merit and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.