**R. D. ROOKS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13718.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1966.

Charles C. Dunn, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from a judgment of conviction rendered in the district court of Tulsa County against the defendant R. D. Rooks, who was charged with premeditated murder, by having shot one Marion Anita Rooks, causing her death. The jury returned a verdict of guilty and fixed punishment at life imprisonment.

At the outset, counsel for defendant states that the sole question to be determined in this appeal is whether or not the challenge made by the defendant to the entire jury panel should have been sustained.

The statutes here involved with reference to challenges to the jury panel, are found in Title 22 Okl.St.Ann. §§ 632 and 633, and 634, and are as follows:

"§ 632. Challenge to panel. A challenge to the panel is an objection made to all the trial jurors returned, and may be taken by either party.

"§ 633. Challenge to panel, causes for. A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, or on the international omission of the sheriff to summon one or more of the jurors drawn, from which the defendant has suffered material prejudice.

"§ 634. A challenge to the panel must be taken before a jury is sworn, and must be in writing, specifying plainly and distinctly the facts constituting the ground of challenge."

Careful examination of the record before us does not show that the challenge was made in writing, as required by the statute. The record does reveal that counsel for defendant timely made his oral objection to the panel, on the ground that the panel was contaminated, and moved the court to dissolve the panel. At the beginning of the trial, and before the selection of the jury, we find in the record the following:

Mr. Dunn (Counsel for defendant): Comes now the defendant, R. D. Rooks, and challenges the entire panel of the jury and moves the court to dissolve the said panel by reason of the contamination thereof, for the reason that on Friday last, in the case of State of Oklahoma v.

Lamond Freeman, case No. 20224, said case being submitted to a jury and the jury having reported to be in disagreement on a verdict, the county attorney, according to newspaper reports, made an agreement with the attorney for—the defendant's counsel for a term of two years in the state penitentiary, the same being a very minor term, in return for the defendant appearing before the jury that was in disagreement and entering a plea of guilty.

"* * *

"And also admitted to the jury that he had fired the shot in question, it being the contention of the defendant that such action has the effect of holding up for ridicule those people on the jury who voted against a conviction and would tend to influence other jurors in this panel.

"The Court: Well, overruled; give you an exception * * *."

The record shows that the judgment and sentence whereby this defendant was sentenced to be imprisoned in the state penitentiary at McAlester for the term of life, at hard labor, for the crime of murder was dated December 28, 1964. Notice of intention to appeal was properly given.

On June 10, 1965, after having received several extensions of time, defendant filed in said case his application for extension of time to make and serve casemade for appeal, and his application for casemade to be furnished "by the court", stating therein "That the said defendant shall base his appeal upon the question of the contamination of the jury panel, pursuant to the order made herein."

Due notice of the hearing on this application was given, and on June 11, 1965 the trial court entered an order granting defendant an extension of eleven days in which to make and serve a casemade, which order was approved by the county attorney and the attorney for defendant. On the same day the trial court entered an order for casemade forma pauperis, finding that there was insufficient time for a full and complete casemade to be prepared, and stating that the defendant desired to appeal on one point only: the order of the court overruling defendant's objection to the jury panel. The court ordered a "limited casemade, consisting of the information, the voir dire of the jury and objections and rulings of the court, the judgment and sentence and all post-conviction motions, applications and orders." This order was approved as to form by the county attorney and the attorney for the defendant, and filed June 11, 1965. Petition in Error with this casemade, or transcript of the record, was filed in this court on June 24, 1965, and is the only portion of the record relevant to this appeal before us.

It will be seen from Title 22 Okl.St.Ann. §§ 633 and 634 hereinbefore quoted that the challange to the panel must be founded on facts from which the defendant has suffered material prejudice; and that the challenge must be in writing, specifying plainly and distinctly the facts constituting the grounds of challenge.

■ In this case, the challenge, orally made in open court, simply charged that the jury was contaminated by reason of the action taken by the county attorney and the court in the trial of another case several days prior to this trial. We are of the opinion that the grounds of challenge in this case were insufficient to warrant the court in discharging the jury. Wood v. State, 3 Okl.Cr. 553, 107 P. 937; Walker v. State, 54 Okl.Cr. 279, 19 P.2d 622; Rawls v. State, 93 Okl.Cr. 219, 226 P.2d 984.

■ The burden was on the defendant to make a proper showing to sustain his challenge to the panel, and having failed to do so, no error was committed in overruling the challenge.

This being the sole question before the Court, it follows that the judgment and sentence of the district court of Tulsa County is

Affirmed.

BUSSEY, P. J., and NIX, J., concur.