Nelson W. **WOLFCHIEF**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14884.

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1969.

Red Ivy, Chickasha, Justus Hefley, Anadarko, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

The Plaintiff in Error, Nelson W. Wolfchief, hereinafter referred to as "defendant", is charged by information in the County Court of Caddo County, Oklahoma, with the crime of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. The information more specifically alleged that the defendant did, on June 2, 1967, in said county, drive an automobile from a point in the 100 block on West Main Street to a point in the 300 Block on East Main Street in the City of Anadarko, Caddo County, Oklahoma, while the said defendant was under the influence of intoxicating liquor.

This case was tried by a jury on March 25, 1968, and on that same date, the jury returned a verdict finding the defendant guilty as charged in the information and assessing his punishment at imprisonment in the Caddo County Jail for a period of twenty (20) days and a fine of $200.00.

Thereafter, on April 5, 1968, defendant's motion for new trial was filed; and on the same date, after hearing argument on said motion, the Court entered an order overruling defendant's motion for new trial. On April 5, 1968, judgment and sentence was entered by the Court in accordance with the jury's verdict. This appeal was brought from that judgment and sentence.

Defendant's first proposition contends that the trial court erred in overruling defendant's motion to quash the jury panel. From the records we find that defendant filed his motion to quash the jury panel at 9:05 a. m., on March 25, 1968, just prior to the commencement of the trial of his case. The defendant did not offer any evidence or proof in support of said motion, and the trial court overruled the motion. In Rooks

v. State, Okl.Cr., 417 P.2d 939 (1966), this court held:

"The burden is upon the defendant who presents challenge to jury panel to make a proper showing by introducing evidence to sustain his challenge."

A challenge to the jury panel can be founded only on: (1) a material departure from the forms prescribed by law, in respect to the drawing and return of the jury; or, (2) on the intentional omission of the sheriff to summon one or more of the jurors drawn from which the defendant has suffered material prejudice. 22 O.S.1961, § 633. Defendant makes a mere allegation that the panel was not selected as required by law, but does not substantiate his allegation. Further, defendant, in his motion to quash the jury panel, complains of the forms prescribed by law, rather than any material departure therefrom as required by 22 O.S.1961, § 633. This Court has previously held that the forms prescribed by law, to wit: that jurors are to be selected from the tax rolls, do not violate the provisions of due process of law as contemplated by the Fourteenth Amendment to the Constitution of the United States. Acuff v. State, Okl.Cr., 283 P.2d 856 (1955). Also, defendant failed to show how he had suffered any material prejudice by the selection of said jury panel. In the first syllabus of McKinnon v. State, Okl.Cr., 299 P.2d 535 (1956), this Court held:

"To entitle a defendant to successfully challenge a panel of jurors, the burden is upon the defendant to show that the wrong complained of is such as to have caused the defendant to suffer material prejudice."

Also see, Rooks v. State, supra. To the contrary, the voir dire of the jury, which is contained in the record, shows that the defendant was not prejudiced by any racial considerations in the selection of the jury. The following are questions by defendant's counsel and the jurors' responses:

"Q. Have any of you had business dealings with the Indians, people of Indian

descent, which would prejudice you against Mr. Wolfchief here who is a Cheyenne-Arapaho Indian?

JURORS: No.

Q. You wouldn't hold that against him

JURORS: Shakes heads, no.

Q. Pass the jurors for cause."

In the eighth syllabus of Shapard v. State, Okl.Cr., 437 P.2d 565 (1967), this Court held:

"In order to properly preserve alleged errors in calling jury panel, Motion to Quash must be filed prior to empaneling of jury, called to the attention of the court, hearing held thereon and exceptions taken to the ruling of the court. When this is not done no question is presented on this issue for review on appeal."

Therefore, the defendant did not properly present his motion to quash the jury panel, sustain the burden of proof required of him, nor preserve the issue for review on appeal by this Court.

We are therefore of the opinion, that the judgment and sentence of the District Court of Caddo County, Oklahoma, should be, and the same is therefore affirmed.

BUSSEY and NIX, JJ., concur.