## H. A. MELOY v. CITY OF WOODWARD.

No. A-653.    Opinion Filed February 10, 1912.

(120 Pac. 1119.)

1. **CONSTITUTIONAL LAW** — **Appeal** — **Violation of Ordinance**— **Jurisdiction.** The provision in the constituent act of cities of the first class (chapter 12, Wilson's Rev. & Ann. St. 1903; chapter 14, Comp. Laws 1909) that, "in all cases before the police judge arising under the ordinances of the city, an appeal may be taken by the defendant to the district court, but no such appeal shall be allowed unless the defendant, within ten days, shall enter into a recognizance with good and sufficient sureties, to be approved by the police judge, conditioned for the personal appearance of the appellant before the district court of the county on the first day of the next term thereof," is not repugnant to the Constitution, and was therefore adopted, extended to, and remained in force as the law of the state under the provisions of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267) and the Constitution.

2. **APPEAL**—Appeal from Police Court. The act of June 4, 1908 (Acts 1907-08, c. 27, art. 1, sec. 3; section 1979, Comp. Laws 1909), providing that "the county court shall have, concurrent with the district court, appellate jurisdiction of judgments of justices of the peace, and of judgments of police judges in all civil and criminal causes," only confers on the county court concurrent jurisdiction with the district court in appeals from judgments of police courts.

(Syllabus by the Court.)

*Appeal from District Court, Woodward County;*
*R. H. Loofbourrow, Judge.*

H. A. Meloy was convicted of violating an ordinance of the City of Woodward, and brings error. Reversed.

*Fred M. Elkins* and *Chas. R. Alexander,* for plaintiff in error.

*A. M. Appelget,* City Atty., for defendant in error.

DOYLE, J.   H. A. Meloy, plaintiff in error, was arrested, tried, and convicted before B. B. Smith, police judge in the police court of the city of Woodward, upon a complaint charg-

ing that he did unlawfully appear on the public streets of the city of Woodward in a state of intoxication, in violation of a city ordinance. The substantive part of said ordinance is as follows:

"Section 1. It shall be unlawful for any person to be or appear in any public place in the city of Woodward in a state of intoxication. * * *"

"Sec. 4. Any person found guilty of violating any of the provisions of this ordinance shall be adjudged guilty of a misdemeanor and be punished by a fine of not less than one dollar nor more than one hundred dollars, or may be confined at hard labor in the jail of said city not more than sixty days, and be adjudged to pay the cost of such prosecution, and stand committed until such fine and cost are paid."

The plaintiff in error perfected an appeal to the district court of Woodward county in conformity with section 746, Comp. Laws 1909, which reads as follows:

"In all cases before the police judge arising under the ordinances of the city, an appeal may be taken by the defendant to the district court, but no such appeal shall be allowed unless the defendant, within ten days, shall enter into a recognizance with good and sufficient sureties, to be approved by the police judge, conditioned for the personal appearance of the appellant before the district court of the county on the first day of the next term thereof."

The defendant in error filed a motion to dismiss such appeal, "because the district court had no jurisdiction of an appeal taken from the police court of a city of the first class," which motion was sustained and judgment entered dismissing the appeal for the reason, in such judgment stated, "that this court does not have jurisdiction from appeals from the said police court, and has no jurisdiction for that reason in said appeal herein." The judgment was entered on January 17, 1910. From this judgment an appeal was properly perfected to this court.

The single question presented for decision is:

"Have district courts jurisdiction on appeal from judgments of conviction in police courts of cities of the first class?"

Prior to the adoption of the Constitution, appeals from po-
lice courts in cities of the first class could only be taken to the
district courts as provided by section 746, *supra*.

The pertinent constitutional provisions are as follows:

Section 2 of art. 18, Const.:

"Every municipal corporation now existing within this state
shall continue with all of its present rights and powers until other-
wise provided by law, and shall always have the additional rights
and powers conferred by this Constitution."

Section 10 of the Schedule, article 24, Const.:

"Until otherwise provided by law, incorporated cities and
towns, heretofore incorporated under the laws in force in the
territory of Oklahoma or in the Indian Territory, shall con-
tinue their corporate existence under the laws extended in force
in the state, and all officers of such municipal corporations at the
time of the admission of the state into the Union shall perform
the duties of their respective offices under the laws extended
in force in the state, until their successors are elected and quali-
fied in the manner that is or may be provided by law: Provided,
that all valid ordinances now in force in such incorporated cities
and towns shall continue 'in force until altered, amended, or re-
pealed."

Section 2 of the Schedule, article 24, Const.:

"All laws in force in the territory of Oklahoma at the time
of the admission of the state into the Union, which are not re-
pugnant to this Constitution, and which are not locally inap-
plicable, shall be extended to and remain in force in the state
of Oklahoma until they expire of their own limitation or are
altered or repealed by law."

This provision was adopted in pursuance to the requirements
of section 21 of the Enabling Act, prescribing that all laws in
force in the territory of Oklahoma at the time of the admission
of said state into the Union shall be in force throughout said
state except as modified or changed by this act or by the Consti-
tution of the state.

The appellate jurisdiction of district and county courts as
prescribed by the Constitution is as follows:

Section 10, article 7:

"The district courts shall have   *   *   *   such appellate
jurisdiction as may be provided in this Constitution, or by law."

Section 12, art. 7:

"County courts shall have such appellate jurisdiction of the judgments of justices of the peace in civil and criminal cases, as may be provided by law, or in this Constitution."

Section 14, art. 7:

"Until otherwise provided by law, the county court shall have jurisdiction of all cases on appeals from judgments of the justices of the peace in civil and criminal cases."

Section 18, art. 7:

"Until otherwise provided by law, appeals shall be allowed from judgments of the court of justices of the peace in all civil and criminal cases to the county court in the manner now provided by the laws of the territory of Oklahoma governing appeals from the courts of justices of the peace to the district court."

We do not think that section 746, *supra,* is repugnant to either of the foregoing provisions of the Constitution. The phrase "as may be," as used in section 10, *supra,* must be taken as including the laws of the territory of Oklahoma adopted under section 2 of the Schedule, since the Constitution and such laws became effective and operative at one and the same time.

The act of the territorial Legislature purporting to provide for appeals from judgments of justices of the peace and police judges in criminal cases to the probate court (section 1, c. 29, Sess. Laws of 1905; section 7195, Comp. Laws 1909) has no application to police courts in cities of the first class, and was evidently intended to provide a mode of appeal from justices of the peace or police judges in cities, towns, and villages organized under the provisions of article 1, c. 15, Comp. Laws 1909, and could only apply to that class of minor or petty offenses that may be proceeded against summarily without a jury at common law.

The provisions of the federal Constitution relating to trial by jury were in force in Oklahoma Territory, and otherwise this act would be void as in conflict with the third article of the federal Constitution and the fifth and sixth amendments thereof.

"The provision in article 3 of the Constitution of the United States that 'the trial of all crimes, except in cases of impeachment, shall be by jury,' is to be construed in the light of the prin-

ciples which, at common law, determined whether or not a person accused of crime was entitled to be tried by a jury; and, thus construed, it embraces not only felonies punishable by confinement in the penitentiary, but also some classes of misdemeanors the punishment of which may involve the deprivation of the liberty of the citizen." (*Callan v. Wilson,* 127 U. S. 540, 8 Sup. Ct. 1301, 32 L. Ed. 223.)

Also with Organic Act (Act May 2, 1890, c. 182, 26 Stat. 85) sec. 9, and the act of Congress March 3, 1891, extending the jurisdiction of probate courts, conferring a limited original and no appellate jurisdiction on probate courts. It is also significant that the Constitution ignores the. act of 1905, in section 18, art. 7, Const., *supra.*

Considering the constitutional provisions: "The right of trial by jury shall be and remain inviolate," and that "in all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed" (sections 19 and 20, Bill of Rights)—it is said by this court in the case of *In re Simmons,* 4 Okla. Cr. 662, 112 Pac. 951:

"As we construe these constitutional provisions, the first means that a jury trial is preserved in all cases in which it existed at the time of the adoption of the state Constitution. It does not extend the right of trial by jury; it simply secures it in all cases in which it was a matter of right before. The second secures to the accused in all criminal prosecutions the right of trial by a jury of the county. A prosecution for the violation of a municipal ordinance which prohibits an act which also constitutes an offense under the general criminal law is a quasi criminal proceeding."

It was also held in the Simmons case, that where the statute authorizes a trial before a municipal court without a jury for a violation of a city ordinance, and at the same time secures to the defendant an unqualified right of appeal therefrom and a trial by jury in the appellate court, subject only to the requirement of bail for his appearance in the appellate court, such summary proceeding is not in conflict with the constitutional guaranty of a trial by jury, as the purpose of these provisions is to secure the right without directing the mode or manner in which it shall be enjoyed.

Unless section 746, *supra,* was adopted and extended in force in this state upon the adoption of the Constitution, as hereinbefore indicated, there was no provision, either of the Constitution or of the statute for appeals from judgments of conviction in police courts of cities of the first class, from the time of the admission of the state into the Union until the act of June 4, 1908, went into effect. This act provides:

"The county court shall have, concurrent with the district court, appellate jurisdiction of judgments of justices of the peace, and of judgments of police judges in all civil and criminal causes."

In the interim such judgments would have been final, and the person so convicted would be deprived of his constitutional right of trial by jury. It would then follow that, if such condition existed, the police courts in cities of the first class were without jurisdiction to sentence to imprisonment or to impose a fine upon an accused and order his imprisonment until such fine was paid, where the complaint charged an offense under an ordinance of the city that would also be penal under the laws of the state.

Several reasons might be urged against the validity of the act of June 4, 1908, in so far as it enlarges and extends the constitutional appellate jurisdiction of county courts. The Constitution is silent regarding appeals from municipal or police courts, and it would be reasonable to suppose that, if it had been intended to confer such jurisdiction on county courts, the Constitution would have so provided, as it does concerning appeals from courts of justices of the peace.

The Supreme Court of this state held, in the case of *Holcomb v. C., R. I. & P. R. Co.,* 27 Okla. 667, 112 Pac. 1023, that the act of June 4, 1908, "so far as the same relates to the district court, is inoperative and void, being in conflict with section 57 of article 5 of the Constitution, providing that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in the title."

Our conclusion is that the act of June 4, 1908, only confers ·jurisdiction on county courts concurrent with district courts on appeals from judgments of police courts.

For the reason stated, we are of opinion that district courts have jurisdiction on appeals from judgments of conviction in police courts of cities of the first class, and that the district court of Woodward county erred in dismissing said appeal.

The judgment is therefore reversed, with directions to the court below to overrule the motion to dismiss the appeal.

FURMAN, P. J., and ARMSTRONG, J., concur.