## GEO. PASCHAL v. STATE.

No. A-1033.  Opinion Filed March 8, 1912.

(121 Pac. 792.)

**CRIMINAL LAW—Appeal from Police Court—Insufficient Bond.** Where a defendant is prosecuted in the police court of a city, and appeals from a judgment of conviction therein, and the appeal bond is insufficient or unsatisfactory, the appeal should not be dismissed on this account; but the court, upon motion of the county attorney, may require a new bond.

(Syllabus by the Court.)

*Appeal from Cherokee County Court;*
*J. T. Parks, Judge.*

George Paschal was convicted in the police court of the city of Tahlequah for assault and battery, from which conviction he appealed to the county court, and executed a bond, with sureties, which was approved by and filed with the police judge. The county attorney moved the county court to dismiss the appeal, upon the ground that one of the sureties on the appeal bond was a licensed attorney at law of the state and was counsel of record for the defendant. This motion was sustained by the court, and the appeal was dismissed and appellant has appealed. Reversed.

*George W. Paschal,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.  The Attorney General has filed the following confession of error in this case:

"The effect of the judgment of the court is to hold that it has power to pass upon the sufficiency of an appeal bond, when this power is lodged in the first place in the hands of the police

judge. The bond given was effective as an appeal bond, possibly subject to the right of the county court to require a new bond, if the judge for any sufficient reason deemed the appeal bond unsatisfactory. But to treat the bond, after it had been approved by the police judge, as a fatal defect, and to dismiss the appeal for the reason of its insufficiency, would be a denial of the right by trial by jury, in a matter affecting the liberty of an individual. This matter is fully discussed *in Re Simmons*, 4 Okla. Cr. 662 [112 Pac. 951], and in *Meloy v. City of Woodward, infra* [120 Pac. 1119]. This court held on this subject: 'It was also held in the Simmons case that where the statute authorizes a trial before a municipal court without a jury for a violation of a city ordinance, and at the same time secures to the defendant an unqualified right of appeal therefrom, and a trial by jury in the appellate court, subject only to the requirement of bail for his appearance in the appellate court, such summary proceeding is not in conflict with the constitutional guaranty of a trial by jury, as the purpose of these provisions is to secure the right, without directing the mode or manner in which it shall be enjoyed.' It will be seen from this that the court had some difficulty in upholding a municipal law denying the right of jury trial in the first instance, but concluded that, if that right remained unimpaired in the appellate court, it would not constitute a violation of sections 19 and 20 of the Bill of Rights. The judgment of the county court, however, goes further, and not only impairs, but destroys, the constitutional guaranty of trial by jury in this class of cases. This case should be reversed. Respectfully submitted. Chas. West, Attorney General. Smith C. Matson, Assistant Attorney General. E. G. Spilman, Assistant Attorney General."

We think that the position assumed by the Attorney General is correct. If for any reason the appeal bond was not sufficient, upon motion of the county attorney, the court might have required the defendant to execute a good and sufficient bond, and in case of his failing to do this he might be confined in jail pending the appeal. But the court did not have the power to dismiss the appeal on account of any real or supposed defects in the bond. The judgment of the county court is therefore reversed, with directions to reinstate this cause upon its docket and proceed with this case as above indicated. Reversed.

ARMSTRONG and DOYLE, JJ., concur.