## D. S. GREGG v. CITY OF KINGFISHER.

No. A-1466.   Opinion Filed September 3, 1912.

(125 Pac. 1093.)

1.   COURTS — County Courts — Concurrent Jurisdiction. County courts have concurrent jurisdiction with district courts of appeals from judgments of police courts.

2.   APPEAL—Continuance—Review. An application for a continuance is addressed to the sound discretion of the trial judge; and his action thereon will not be reviewed upon appeal, unless it appears from the record that such discretion was abused to the injury of appellant. For a motion for a continuance which was fatally defective, see opinion.

3.   CONTINUANCE—Affidavits. An application for a continuance, failing to show the exercise of diligence to secure absent witnesses and to give their names, or state any evidence which could be obtained by a postponement of the case, was insufficient.

4.   SAME—Grounds—Application. That accused, when arrested, was improperly treated by the deputy sheriff was not ground for a continuance.

5.    **SAME—Prejudice.** It was not error to overrule a motion for a continuance, because accused was sick and unable to appear in court at the trial, where it affirmatively appeared from the record that he did appear and was present during the trial.

(Syllabus by the Court.)

*Appeal from Kingfisher County Court;*
*John M. Graham, Judge.*

Mrs. D. S. Gregg was convicted of violating a prohibitory liquor ordinance of the city of Kingfisher, and again on appeal from the police court to the county court, where her punishment was assessed at a fine of $75 and imprisonment in the county jail for 30 days, and she appeals. Affirmed.

*D. K. Cunningham,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., and *J. T. Bradley,* City Atty., for appellee.

FURMAN, P. J. First. This case originated in the police court of the city of Kingfisher, where appellant was convicted for unlawfully conveying malt liquor from one place to another place within the limits of said city, in violation of Ordinance No. 182 of said city of Kingfisher. An appeal was prosecuted from this conviction to the county court of Kingfisher county.

In their brief counsel for appellant says:

"The county court had no jurisdiction to try this case, for the reason that it is only given power to try cases on appeal from justices of the peace, not police courts. Persons tried in police court are given right of appeal to district court only. See Comp. Laws 1909, Sec. 746. 'In all cases tried before police judge arising under the ordinance of the city, an appeal may be taken by the defendant to the district court,' etc. There is nothing in our Constitution that we have been able to find which gives the county court jurisdiction to try cases on appeal from police court or judge thereof, nor in the statutes, except general section 1979, Comp. Laws 1909, and this section is not authorized by the Constitution; or, if it be, then there is no provision for the manner in which such appeals may be taken."

By turning to section 1979, Comp. Laws, 1909, counsel will find the following:

"The county court shall have, concurrent with the district court, appellate jurisdiction of judgments of justices of the peace, and of judgments of police judges in all civil and criminal causes."

In the case of *Meloy v. City of Woodward,* 7 Okla. Cr. 16, 120 Pac. 1119, this question was thoroughly considered and discussed by this court in an opinion by Judge Doyle. After an elaborate discussion of the question and a review of all the authorities, Judge Doyle said:

"Our conclusion is that the act of June 4, 1908, only confers jurisdiction on county courts concurrent with district courts on appeals from judgments of police courts."

For the reasons in support of this conclusion, see cases above referred to.

Second. Defendant complains of the action of the county court in overruling her motion for a continuance. A motion for a continuance is addressed to the sound discretion of a trial judge; and his action thereon will not be reviewed on appeal, unless it appears from the record that such discretion was abused to the injury of appellant. The motion for a continuance in this case does not show that the least diligence had been used to secure the attendance of witnesses; neither does it give the name of any absent witness, or state any evidence which could be obtained by a postponment of the case; but it is simply a complaint against the alleged manner in which appellant was treated by the deputy sheriff when arrested. This did not constitute the least ground for a continuance, and the trial court did not err in overruling the motion.

A further affidavit for a continuance was filed, alleging that appellant was sick and unable to appear in court and attend the trial. This was also overruled by the court. Nothing appears in the record which indicates that the trial court abused its discretion in overruling this application. On the contrary, it affirmatively appears from the record that appellant did appear in court, and was present during the trial of this cause.

Third. The evidence in the case sustains the verdict of the jury and the judgment of the court. All of the other questions presented in the brief of counsel for appellant have been so often

decided adversely to the contentions therein made that it would be a useless consumption of time to discuss them.

We find no material error in the record. The judgment of the county court is therefore affirmed.

ARMSTRONG and DOYLE, JJ., concur.