## TOM HARRISON v. STATE.

No. A-4701.   Opinion Filed March 16, 1925.
Rehearing Denied April 27, 1925.
(234 Pac. 221.)

(Syllabus.)

1.   Appeal and Error—Refusing Continuance for Illness of Accused Held not Abuse of Discretion.   When a defendant files an application for a continuance on the grounds of his illness, and the court takes testimony of the witnesses and overrules the application, and thereafter the defendant appears in court and testifies, and no apparent inability on the part of the defendant appears in the record, there is no abuse of discretion shown.

2.   Continuance—Having Subpoena Issued for Witness Five or Six Days Before Trial not Due Diligence.   When a case is assigned for trial more than a month and a half before the day set for the trial, it is not due diligence for a defendant to wait until five or six days before the trial before having subpoena issued for his witnesses, where he knows of the materiality of their testimony.

3.   Same—Requirements of Due Diligence in Procuring Witnesses Stated.   Due diligence on the part of a defendant in procuring witnesses requires that he shall have subpoenas issued in ample time to procure service, or to take their deposition in case their attendance cannot be had, and that he should see that the subpoenas are placed in the hands of an officer for service.

Appeal from District Court, Nowata County; C. W. Mason, Judge.

Tom Harrison was convicted of assault with intent to kill, and sentenced to a term of five years in the state penitentiary, and he appeals.   Affirmed.

Bert Van Leuven, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J.   For brevity, the plaintiff in error will be referred to as defendant.   On the 22d day of November, 1922, the date the case was for trial, the defendant filed an application for a continuance on the ground that he was ill and unable to attend court, and offered evidence of a

physician who had made an examination of the defendant at some length, and who testified that he had examined defendant on the day before and that he had laryngitis, which, after considering, the court overruled, and exceptions were taken. The case went over from that day until the 23'd. It appears from the subsequent events that the defendant was unduly alarmed by the condition of his health, and that he was able to attend the trial as he did and testified at length, and so far as the record discloses was physically able to attend without injury.

In the case of Gregg v. City of Kingfisher, 8 Okla. Cr. 8, 125 P. 1093, this court held:

"It was not error to overrule a motion for a continuance, because accused was sick and unable to appear in court at the trial, where it affirmatively appeared from the record that he did appear and was present during the trial."

We think there was no abuse of discretion in overruling the application on account of the physical condition of the defendant. On November 23d a further application for continuance was filed on account of the absence of Tom Barr, claimed by the defendant to be a material witness, and setting out what he expected to prove by the witness. It appears that Barr lived in the county, and was one of the witnesses for the defendant in his application' for change of venue on the 9th of May preceding, and it is alleged in the affidavit in the second application for continuance that he is temporarily absent from the county, and that on the 16th day of November the defendant had a subpœna issued for him, which was not attempted to be served until November 20th.

After the case had been set for trial on October 3d, almost a month and a half before the subpœna was issued, it was the duty of the defendant, if he expected to use him as a witness, to have a subpœna issued for him in ample time in order that service might be had. If subpœna had

issued at an earlier date, his attendance could either have been had or his deposition taken. Diligence would have required that when the subpœna was issued that he should have had the same placed in the hands of an officer with the request that he be served. Bryan v. State, 5 Okla. Cr. 542, 115 P. 619. If this had been done, services would have been had for the record shows that on November 16th the witness was in Nowata and talked with the attorney for the defendant. Rose v. State, 8 Okla. Cr. 294, 127 P. 873. There is not such diligence shown as to constitute error on the part of the court in overruling the application.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.