## J. K. MAPLES v. STATE.

No. A-4793.   Opinion Filed April 25, 1925.
(235 Pac. 264.)

(Syllabus.)

1. **Indictment and Information—Information Sufficiently Certain.** When an information clearly and distinctly states the facts in ordinary and concise language, which, construed under the ordinary rules of construction of the English language, would enable a person of common understanding to know what is meant, and sufficiently certain to enable a defendant to prepare his defense, and to plead a judgment of acquittal or conviction in bar to a subsequent prosecution for the same offense, it is sufficient.

2. **Same—Rape—Information for Assault with Intent to Commit Rape Sufficient.** The exact words of the statute defining a crime need not be used in the information charging it, but any words

which intelligently apprise the defendant of the exact nature of the offense with which he is charged are sufficient. .

(a) Held, that the information in this case is sufficiently definite to charge the crime of assault with intent to commit rape.

3. **Continuance—Ground of Absent Witnesses—Insufficient Showing.** Where an application for a continuance does not set out the facts constituting due diligence or does not show the place of residence of the absent witnesses, nor the probability of procuring their evidence if the case should be continued, it is sufficient.

4. **Same—Evidence—Evidence of Witnesses Attached to Application for Continuance not Competent on Trial of Case.** When an application for a continuance by a defendant on the ground of absent witnesses is properly overruled, the alleged evidence of the witnesses attached to the application is not competent evidence on the trial of the case.

5. **Trial—Evidence of Intoxication Insufficient to Warrant Instruction as to Inability to Entertain Intent.** Evidence examined, and held, that there is no sufficient showing of intoxication to entitle the defendant to an instruction of inability to entertain an intent by reason thereof.

Appeal from District Court, Pottawatomie County; C. C. Smith, Judge.

J. K. Maples was convicted on a charge of assault with intent to rape, and appeals. Affirmed.

W. N. Maben and S. R. Pitman, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error was informed against in the district court of Pottawatomie county on a charge of assault with intent to commit rape upon the person of one Cleo Sampier. An examination of the record shows a state of facts about as follows:

The evidence of the state shows that the plaintiff in error, J. K. Maples, took the prosecutrix for an automobile ride. The plaintiff in error was driving the automobile, and they drove around for an hour or so, and the plaintiff in error, against the wishes of the prosecutrix, drove out

towards the Country Club. The plaintiff in error had been drinking. The prosecutrix testified that the plaintiff in error struck, beat, and choked her, and dragged her from the car and across the road, using extreme force and violence in endeavoring to have sexual intercourse with her. It was shown by several physicians that she was bruised and her body was scratched in numerous places.

The state introduced as an exhibit the clothes which the prosecutrix wore on the night of the alleged assault. They were badly torn. The witness Edmondson, a farmer living near the scene of the assault, testified to a statement made by the plaintiff in error to him at the place where the alleged assault took place, which amounted to a confession.

Mrs. J. E. Hughes testified that the prosecutrix lived with her as a servant; that on the night that these alleged acts took place the witness Edmondson brought the prosecutrix home; that she was in a very nervous and excited condition, her hair was disheveled, her clothes were in disorder, one eye was bleeding, and the marks of violence were apparent all over her body, and she was very hysterical.

Upon the trial the jury returned its verdict finding plaintiff in error guilty and fixing his punishment at imprisonment in the state penitentiary for a term of four years. He has appealed to this court, and as grounds therefor makes various assignments of error: First, that the information on which plaintiff in error was tried is insufficient; second, error of the court in overruling his application for a continuance; third, error of the court in excluding evidence offered in his defense; fourth, error of the court in the giving of certain instructions; fifth, error of the court in failing to give requested instruction on intent.

Considering first the objection to the information, the charging part is as follows:

"That the said J. K. Maples did then and there, by means of force and threats and violence, unlawfully, intentionally, wrongfully, and feloniously make an assault upon a certain female person, to wit, Cleo Sampier, with the unlawful and felonious intent of the said J. K. Maples then and there to have and accomplish an act of unlawful sexual intercourse with her, the said Cleo Sampier, to rape, ravish, and carnally know her, the said Cleo Sampier, by attempting to then and there overcome all resistance of the said Cleo Sampier; she the said Cleo Sampier not then and there the wife of said J. K. Maples."

The plaintiff in error contends that this information is defective for two reasons: First, that it does not charge that the plaintiff in error committed the assault with the felonious intent to have sexual intercourse with the assaulted female by force or violence sufficient to overcome any resistance she might make; second, that the information does not allege the acts done toward the commission of the crime charged.

The information here is not a model by any means, but if it contains a statement of the acts constituting the offense in ordinary and concise language, in such a manner as to enable a person of ordinary understanding to know what is intended, it is sufficient. Section 2555, Comp. St. 1921; Star v. State, 9 Okla. Cr. 210, 131 P. 542. It appears to us that, construing this information under the ordinary rules of construction, any person of common understanding would know that the plaintiff in error was being charged with an assault upon the person of Cleo Sampier with the felonious intent to commit a rape upon her person. It would carry no other meaning, and while it is not arranged and stated as simply and clearly as it might be, yet it does state the charge with such particularity as to clearly enable the accused to identify the offense with which he is charged, and sufficiently to enable him to defend himself in case he should again be

informed against for the same offense, and when this is true the information is sufficient. Smith v. State, 2 Okla. Cr. 286, 101 P. 611; 139 Am. St. Rep. 918; Price v. State, 9 Okla. Cr. 359, 131 P. 1102; Deen v. State, 7 Okla. Cr. 150, 122 P. 941; Bowes v. State, 8 Okla. Cr. 277, 127 P. 883.

This court, in the case of Williams v. State, 10 Okla. Cr. 336, 136 P. 599, had under consideration an information, the charging part of which is as follows:

"One James Williams, then and there being, did then and there intentionally, unlawfully, willfully, and feloniously make an assault upon one Mrs. W. W. Hyden, a female person over the age of 18 years, and of previous chaste and virtuous character, with an intent her, the said Mrs. W. W. Hyden, unlawfully and feloniously to rape, ravish, and carnally know, and he, the said James Williams, did then and there attempt to unlawfully and feloniously rape, ravish, and carnally know the said Mrs. W. W. Hyden; the said Mrs. W. W. Hyden not being the wife of the said James Williams,"

—and held that this was insufficient to charge an attempt to commit a rape, as not setting out the acts done, but held that it was sufficient to charge the crime of assault with intent to rape, under section 1758, Compiled St. 1921, which is the section under which the information in this case is filed and all the proceedings had, and on the authority of that case, as well as the general rule announced, the information is sufficient. It the case of Williams v. State, supra, this court further modified the rule announced in the cases of Young v. Ter., 8 Okla. Cr. 525, 58 P. 724, and Rector v. State, 9 Okla. Cr. 530, 60 P. 275. See Castleberry v. State, 10 Okla. Cr. 504, 139 P. 132.

The next assignment is that the court erred in overruling the application of plaintiff in error for a continuance. There is no abuse of discretion shown. The application did not set out the diligence used to procure the

witnesses, nor show date on which subpoenas were issued for the witnesses, nor show the whereabouts of the witnesses, except the witness Beatrice Maples, wife of the plaintiff in error, who. was shown to be ill. But no reason is shown why her deposition was not had, and no certificate or evidence from any physician as to her inability to be present at the trial. This is an insufficient showing. Boswell v. State, 8 Okla. Cr. 156, 126 P. 826; Petty v. State, 11 Okla. Cr. 438, 147 P. 782; Jones v. State, 8 Okla. Cr. 576, 129 P. 446; Ryal v. State, 16 Okla. Cr. 266, 182 P. 253; Bryan v. State, 5 Okla. Cr. 542, 115 P. 619; Edwards v. State, 9 Okla. Cr. 306, 131 P. 956, 44 L. R. A. (N. S.) 701; McCarter v. State, 14 Okla. Cr. 305, 170 P. 712.

Attached to the application for a continuance was what purported to be testimony of the absent witnesses, and in the course of the trial plaintiff in error offered in evidence this purported testimony as a deposition, which was by the court excluded, and such ruling assigned as error. There was no error in this ruling.

It is argued that the court erred in refusing to give plaintiff in error's request for an instruction to the effect that if, at the time of the offense charged, the plaintiff in error was so intoxicated that he was incapable of forming an intent, he should be acquitted. The plaintiff in error, when on the stand, testified that he was drinking on the occasion in question, but testified fully as to the occurrence, and made no contention that he was so intoxicated that he did not understand the nature and consequences of his act, or that his recollection or mentality was in any manner impaired, and none of the other witnesses at the scene of the offense sustained this contention. The requested instruction was not warranted by the evidence. See Cheadle v. State, 11 Okla. Cr. 566, 149 P. 919, L. R. A. 1915E, 1031, and McCarter v. State, supra.

Complaint is also made of instructions Nos. 5, 6, 7, and

11 of the court's charge. We have examined the charge of the court with care. The instructions given were more favorable to the plaintiff in error than the law requires. The evidence shows the guilt of plaintiff in error.

There is no substantial error in the record such as would warrant a reversal of this case, and it is therefore affirmed.

BESSEY, P. J., and DOYLE, J., concur.