WALTER KAUL v. STATE.

No. A-6533. Opinion Filed May 11, 1929.

(277 Pac. 278.)

Norman H. Wright, for plaintiff in error.

Edwin Dabney, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and W. P. Morrison, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Canadian county of the crime of assault with intent to commit rape, and was sentenced to serve a term of one year in the state penitentiary.

The defendant was charged with assault with intent to commit rape upon one Opal Harding. Upon the trial of the case the state called Opal Harding, then the wife of defendant, and offered her as a witness against the defendant. The defendant objected to her testifying because she was the wife of the defendant and incompetent to testify against him. The witness also requested that she be not required to testify. The court sustained the

objection. The state then offered in evidence the transcript of the testimony of Opal Harding, taken at the preliminary trial of the defendant, which evidence was admitted by the court over the objection of the defendant, and the admission of this evidence is now assigned as a ground for reversal of this cause.

The first ground of error relied on by the defendant is that the information fails to charge a public offense against the defendant. In the case of Maples v. State, 30 Okla. Cr. 151, 235 Pac. 264, this court held an information almost identical with the information in this case sufficient. In the case at bar the information is more explicit than in the Maples Case. In the case at bar the defendant is charged with an assault with intent to commit rape, and was sufficient to put the defendant on notice of the crime charged.

The defendant for his second ground of error complains of the admission of incompetent, irrelevant, and immaterial testimony over the objections and exceptions of the defendant. This objection raises the question of the admissibility of the transcript of the testimony of Opal Harding, taken at the preliminary hearing of the charge and prior to the time of her marriage to the defendant. The real question under this ground is: Can the defendant, by his marriage of the witness, render testimony, otherwise competent, incompetent? This question has never been passed on by this court under these circumstances.

Section 589, C. O. S. 1921, reads as follows:

"The following persons shall be incompetent to testify: * * * Third. Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any

communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

Section 2699, C. O. S. 1921, provides:

"Except as otherwise provided in this and the following chapter, the rules of evidence in civil cases are applicable also in criminal cases: Provided, however, that neither husband nor wife shall in any case be a witness against the other except in a criminal prosecution for a crime committed one against the other, but they may in all criminal cases be witnesses for each other, and shall be subject to cross-examination as other witnesses, and shall in no event on a criminal trial be permitted to disclose communications made by one to the other except on a trial of an offense committed by one against the other."

The Supreme Court of Oklahoma in the case of Sands v. David Bradley & Co., 36 Okla. 649, 129 Pac. 732, 45 L. R. A. (N. S.) 396, in paragraph 2 of the syllabus says:

"The competency of the wife as a witness depends upon the relationship at the time of the trial, when she is offered as a witness, and not as to whether she was the wife at the time the cause of action accrued, or the occurrence transpired, about which she is expected to testify. * * * Defendant does not claim that she was a competent witness by reason of her being his agent, or jointly interested in the action, but upon the grounds that at the time the transaction took place, about which she was to testify, she was not the wife, but the stenographer, of defendant, and that the statute prohibiting the wife from testifying for or against the husband clearly intended only to prevent the wife or husband from giving evidence for or against each other concerning a transaction or communication during coverture. We cannot find such an exception to the statute. * * * The statute will not bear any other construction; and as defendant does not claim she was acting as his agent, or that she had a joint

interest in the action, or that she was in any other manner qualified as a witness, under the statute, it must be held that there was no error in the ruling of the trial court on the subject."

It is true that this is a civil case, but the rules of evidence under our Code being the same in criminal and civil cases, as far as applicable, it is at least persuasive in criminal cases upon the proposition that the competency depends on the relationship at the time the testimony is offered, and not upon the question as to whether she was the wife at the time of the occurrence complained of.

The state cites the case of Exleton v. State, 30 Okla. Cr. 224, 235 Pac. 627, as an authority to support the rule of the court admitting the transcript of the evidence in this case, but the Exleton Case is not in point, for the reason that, although the witness, after testifying at the preliminary and before the trial, refused to testify on the ground that his evidence might tend to incriminate him, and not on the ground that he was the husband of the defendant. He had the right to refuse to testify, and the state must give him immunity. In that case the court held the evidence admissible, but in the case at bar the defendant objected to Opal Harding testifying on the ground that she was his wife, and therefore incompetent to testify against him, except for crimes committed by the defendant against his wife since their marriage.

In the case of State v. Winnett, 48 Wash. 93, 92 Pac. 904, in paragraph 3 of the syllabus, the court said:

"Where, on a prosecution for statutory rape, the pregnancy of the female was a fact sought to be proved by the state, and between the alleged crime and the trial defendant had married the female, and a physician had just testified to her pregnancy of about six months' duration,

ascertained by him on an examination, it was error to cause her, over objection of defendant, to be brought into court ostensibly to be identified by the physician, as it amounted to the giving of testimony by the wife for the state."

In the body of the opinion that court said:

"During the testimony of Dr. Van Patten the prosecution asked that appellant's wife be brought into the courtroom, ostensibly to be identified by the witness as the same person whom he had examined that day. This was strenuously objected to by the appellant, but the objection was overruled, and the wife was called. It is contended by the appellant that, notwithstanding the fact that the law will not permit the wife to testify against him without his consent, by this pretense she was actually made an exhibit for the state. We think the appellant has just ground for complaint in this respect. The wife was in reality a witness against him by being brought in sight of the jury where her condition as to pregnancy, which was a fact which the state sought to prove, could be observed and noted by the jury. This might have been evidence of the most convincing and telling character, and being produced before the jury, just after the testimony of Dr. Van Patten in relation to her pregnancy, and the possible length of time which she had been in that condition—presumably six months—it would not be slanderous to impute to the jurors a careful scrutiny of the witness with a view of determining for themselves the probable correctness of the doctor's diagnosis. The result was that, while the wife could not testify as to her condition, by this subterfuge she actually did testify in a manner more convincing than mere words would have been."

The court in that case held that it was reversible error to force the wife of the defendant to personally appear in the courtroom for the identification of the doctor and to be seen by the jury. Certainly, if a woman who had actually been raped and was pregnant, who had married the de-

fendant before the trial, could not even be brought into the courtroom without prejudice to the substantial rights of the defendant, then in the case at bar it would be improper for the testimony of the wife, taken prior to her marriage, to be read to the jury, when she herself was incompetent as a witness to testify against the defendant, because of her marriage to him.

If the competency of the wife as a witness in a civil case depends upon the relationship at the time of the trial when she is offered as a witness, and not as to whether she was the wife at the time the occurrence transpired upon which she is called upon to testify, then with greater force it should be held in a criminal prosecution that she was incompetent to testify as to crimes committed against her by the defendant before marriage. In the case at bar the wife was not a necessary witness, her evidence was clearly incompetent, and the admission of the same deprived the defendant of a substantial statutory right.

The defendant alleges numerous other errors, but the view we take of the case makes it unnecessary to pass on any of them. For the reasons stated, the cause is reversed and remanded to the district court of Canadian county for further proceedings according to law.

EDWARDS, P. J., and DAVENPORT, J., concur.