**Donald R. BURKE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–177.**

Court of Criminal Appeals of Oklahoma.

May 26, 1977.

Stephen D. Colbert, Sulphur, Court-appointed, for appellant.

Larry Derryberry, Atty. Gen., Harold T. Garvin, Jr., Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Donald R. Burke, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Carter County, Case No. CRF–76–148, for the offense of Burglary in the Second Degree, in violation of 21 O.S.1971, § 1435. Following a jury trial, the defendant was sentenced to serve a term of four (4) years in the care and custody of the State Department of Corrections. From said judgment and sentence a timely appeal has been perfected to this Court.

At the trial a jury was impaneled, but prior to the State's evidence being presented, an in camera hearing was held to determine the admissibility of the testimony taken at preliminary hearing, of Sherry Raines, who the State was unable to produce for trial. During the in camera hearing several witnesses were called; the first being Mr. Lloyd Hudson, who testified that he was a Carter County Deputy Sheriff. He described his difficulties in attempting to serve a subpoena upon Sherry Raines. He related several trips to her last known address and could find no forwarding address for the witness.

The State then called Mr. Richard A. Anglin, who testified that he was the manager of the apartment complex in which the witness Raines had previously lived. He stated that Ms. Raines had moved shortly after the preliminary hearing held in the instant matter. He further testified that he had talked to her by phone and she had indicated that she was in Texas but would try to be at the trial. This witness further testified that since he knew the witness on sight, he had been requested by the District Attorney's Office to search the Carter County Courthouse for her presence, but was unable to locate her.

The State also called Deputy Dean Plank of the Carter County Sheriff's Office. He testified that he had served the subpoena for the preliminary hearing on the witness. and that on a previous Sunday, at approximately 6:00 p. m., the witness had called his residence and advised him that she was living in Texas and indicated that she would attempt to be at the trial. Deputy Plank was unable to learn her new address in Texas and stated that he, too, searched the courthouse just prior to this hearing.

The defense counsel was given ample opportunity to cross-examine the State's witnesses regarding this motion.

At the conclusion of the in camera hearing, the trial court sustained the State's motion to admit in evidence the testimony of the witness Raines by use of the preliminary hearing transcript.

In the presence of the jury, the State presented the testimony of Mr. Richard Anglin. Mr. Anglin testified that he was acquainted with the defendant through his capacity as the manager of the apartment complex. He stated that he had seen the defendant several times at the apartment occupied by Coy Smith and that the defendant, himself, occupied Apartment No. 4 in said complex. On August 17, 1976, the witness had a conversation with the defendant and Mr. Smith. During that conversation, Mr. Smith asked the witness if he could borrow a couple of dollars. At approximately 8:00 p. m. on August 17, 1976, the witness locked his apartment and left the premises. When he returned, he noticed that the front door was unlocked. When he entered the apartment, he noticed that a window was broken, the curtains were torn down and two two-dollar bills which he had hidden in a Bible were missing. He then identified State's Exhibit No. 1 as being a two-dollar bill inside a plastic case that he had received from his nephew.

The next witness for the State was Coy L. Smith, who testified that he knew the defendant and was with him on August 17, 1976, when the conversation with the State's first witness took place; that subsequently, the defendant drank a substantial amount of liquor and informed him that he was going to rob Mr. Anglin. Finally, later in the evening, he and the defendant went to a store together and the witness observed two two-dollar bills in the possession of the defendant.

Thereafter, Sherry Raines' preliminary hearing testimony was read to the jury by the Court Reporter who had recorded the same. The substance of Ms. Raines' testimony was that she had observed the defendant on August 17, 1976, in the open doorway of the victim's apartment. The transcript also indicated that the witness had identified the defendant at the preliminary hearing.

The next witness for the State was Officer Rick Taylor, who testified that he was a patrolman employed by the Ardmore Police Department, and that it was his duty to investigate the burglary of Mr. Anglin's apartment. During his investigation, he discovered that a window had been broken and forced; there was some blood present around the broken window; and that he returned at approximately 10:30 p. m. that evening and arrested the defendant at the apartment complex. During the booking procedure the officer recovered a two-dollar bill in a plastic wrapper which was identified as State's Exhibit No. 1.

The State also called Officer David Willingham, who testified that he was a detective with the Ardmore Police Department. On August 17, 1976, at approximately 10:30 p. m., he was called to the Ardmore Police Department to assist in the investigation of a burglary. He identified State's Exhibit No. 1, as a two-dollar bill wrapped in a plastic folder, that he had found in the defendant's pocket and established the chain of custody of that exhibit. He further testified that defendant had a cut on his right hand when he was booked.

The State rested and the defendant's Demurrer was overruled.

■ For his first assignment of error, the defendant alleges that the trial court erred in allowing the State to introduce the testimony of the witness Raines, which was

taken at the preliminary hearing. In his brief the defendant argues that the court erred because there was no proof that the witness had removed herself permanently from the State of Oklahoma. In *Pittman v. State*, Okl.Cr., 279 P.2d 1108 (1955), we stated, in the second paragraph of the Syllabus:

"Where a witness has testified at the preliminary examination against an accused, and has been cross-examined, or the privilege of cross-examination offered, if at a subsequent trial involving the same issue it is satisfactorily made to appear that the witness has died, has become insane, or has permanently left the state, without collusion or procurement, or is sick and unable to attend, *or his whereabouts cannot with due diligence be obtained*, a transcript of the testimony of such witness may be introduced as his evidence, and the use thereof will not be a violation of the constitutional right of the accused to be confronted with the witnesses against him." [Emphasis added]

See also, *Disheroon v. State*, Okl.Cr., 514 P.2d 685 (1973).

From an examination of the testimony offered in support of the State's motion, heretofore referred to, we find that the trial court properly admitted the transcript of the testimony of witness Raines.

For his second assignment of error, the defendant alleges that the punishment was excessive in view of the evidence. In his brief, which cites no authority for this argument, the defendant actually argues that a Demurrer should have been sustained to the State's evidence because nothing was taken from the victim's apartment with the possible exception of the two two-dollar bills.

██ This Court has repeatedly held that it will not search the books for authorities to support defendant's argument on appeal. *Sandefur v. State*, Okl.Cr., 461 P.2d 954 (1969). However, even if this argument had been properly preserved and presented, it would be void of any merit. The State presented, in its case in chief, more than sufficient evidence from which the jury could find the defendant guilty of Burglary in the Second Degree. In *Sullivan v. State*, 7 Okl.Cr. 307, 123 P. 569 (1912), in part (b) of the first paragraph of the Syllabus, this Court stated:

"(b) 'Steal,' as the word is used in the burglary statute [this section], is an offense of such character that it is burglary to break and enter with intent to steal, without regard to the value of the property sought to be taken. . . ."

We find no error that would justify modification or reversal. For all of the above and foregoing reasons the judgment and sentence appealed from is *AFFIRMED*.

██ Counsel's argument of excessive punishment is more properly addressed to the trial court who may, if the defendant is qualified, suspend the judgment and sentence, in whole or in part, after affirmance of conviction, upon application of counsel under the provisions of 22 O.S.1971, § 994.

BLISS and BRETT, JJ., concur.